Kellogg *v.* Robinson.

---

JAMES S. KELLOGG *vs.* HENRY ROBINSON.

A wife has no authority as such to revoke a license given by the husband to enter upon his land.

Where a husband on leaving home gave his wife authority to order off all persons coming upon the premises to hunt, and the defendant had previously received permission from the husband to hunt on the premises, it was held that the mere ordering of the defendant off by the wife, without stating that she had authority from her husband, and without any knowledge on the part of the defendant of the authority actually given, or that she was in charge of the premises, did not constitute a valid revocation of the license.

It would have been sufficient if the circumstances had shown an apparent authority on the part of the wife, but they could not be regarded as showing this.

A statute imposed a penalty, recoverable by action on the statute, for an entry upon the land of another for the purpose of hunting thereon, without the consent of the owner. Held, that where a person was licensed by the owner to

hunt upon his premises, and the license was revoked after he had entered and while he was upon the premises, his subsequent continuance there for the purpose of hunting did not constitute an entry within the meaning of the statute, under the strict construction required by penal statutes.

ACTION of trespass, founded upon the 5th section of the act of 1861, " for the preservation of game and fish," which provides that any person who with implements for hunting or fishing shall enter upon the land of another for the purpose of hunting or fishing, in violation of certain previous provisions of the act, without the consent of the owner, shall be deemed guilty of a trespass, and shall forfeit and pay to the owner, in addition to a penalty previously provided for the actual taking of game or fish, the sum of ten dollars, to be recovered by an action founded on the statute.    The suit was originally brought before a justice of the peace, and was appealed by the defendant to the superior court, where it was tried to the jury, on the general issue, before *Loomis, J.*

On the trial it was admitted that the plaintiff was the owner of the land, and that the defendant entered upon it on the 27th of September, 1861, with a gun. for the purpose of shooting quails.    The defendant however claimed, and offered evidence to prove, that the plaintiff had given him permission to hunt on the premises in July next previous.    The plaintiff denied this, but claimed and offered evidence to prove that he was absent from home on the day of the alleged trespass, and that previous to leaving home he requested his wife to take care of the premises, and gave her express directions to forbid any person she might see on the premises hunting thereon, and to order such person to leave the premises immediately, and that when she saw the defendant on the premises she did in pursuance of his directions forbid his hunting thereon and ordered him to leave the premises immediately, but that he refused to leave, and continued thereon a long time afterwards for the purpose of hunting quails, and that he did afterwards hunt and kill quails on the premises ; and upon these facts the plaintiff claimed that if there had been a previous license it was revoked.    The defendant admitted the prohibition of his hunting by the plaintiff's

wife, and that she ordered him to leave the premises, and that he knew she was the wife of the plaintiff and that he saw no other person in charge of the premises, but there was no evidence to show that she told him that she had been requested by her husband to revoke the license previously given or to make the prohibition, neither was there any evidence that the defendant refused to desist from the trespass for that reason, or that he inquired for her authority to forbid his acts.

The defendant requested the court to charge the jury as follows :—1. That if he entered with the consent of the plaintiff to shoot on his lands, and after entry such consent was revoked, that revocation did not make the entry an actionable trespass under the statute, although he continued hunting after the revocation. 2. That consent once given by the plaintiff could not be revoked by any other person without special authority from the plaintiff, and without that delegated authority was communicated at the time by the agent. 3. That the wife, merely as such, had no power to revoke the husband's license in a matter of this kind.—The court upon these claims charged the jury as follows :—" If you find that the defendant entered upon the land of the plaintiff by his license for the purpose of hunting, and the license had not been revoked, you will find a verdict for the defendant. A license once given, without limitation as to time, will continue until revoked, and neither the wife of the plaintiff nor any other person would have power to revoke a license given by the plaintiff without special authority from him ; but it is not indispensable, as matter of law, that the agent who undertakes to revoke a license for another should in all cases expressly disclose his authority ; it is sufficient, in the opinion of the court, if the circumstances indicated an apparent authority to do so, and in this case, if you shall find the facts as claimed by the plaintiff, viz., that the plaintiff being absent from home on the day in question left his premises in the sole care of his wife, and gave her express authority to forbid all hunting thereon, and to order such trespasser to leave, and she did forbid the defendant and order him to

leave as claimed, and that the defendant knew she was the wife of the plaintiff, and did not ask for her authority or refuse to leave on that account, these and other circumstances attending the transaction will justify the jury in finding sufficient apparent authority in the wife to dispense with the necessity of specially disclosing her authority to the defendant at the time. It is not necessary that the jury should find the license to have been revoked previous to the defendant's crossing the line of the plaintiff's premises ; if he continued after his license was revoked to roam over the premises with arms, for the purpose of hunting quails thereon, he would be liable under the statute, although he was actually on the premises when the license was revoked and had indicated his purpose to hunt thereon."

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial for error in the charge of the judge.

*Belden* and *Brewster,* in support of the motion.

1. The revocation of the consent, after the defendant had entered upon the land and commenced hunting, did not render the subsequent continuance and hunting thereon an "entry," within the meaning of the 5th section of the act. The act is a penal one, and therefore to be construed strictly. The actual hunting or fishing after an entry is punished by a penalty provided by the 4th section, while the penalty given by the 5th is in addition to that given by the 4th, showing that the penalty imposed by the 5th section is for the mere entry, and not for any acts done after the entry was made. The different sections of a statute are to be construed with reference to one another. *State* v. *Brooks*, 4 Conn., 447 ; *Molton* v. *Rogers*, 4 Esp., 215. A mere constructive entry, or one that would be sufficient to sustain an action of trespass, is not sufficient under a penal statute. *Regina* v. *Pratt*, 4 El. & Black., 860 ; *Pratt* v. *Potter*, 21 Barb., 589. See also *Hunnewell* v. *Hobart*, 42 Maine, 565 ; *Stone* v. *Knapp*, 29 Verm., 501; *Edelman* v. *Yeakel*, 27 Penn. S. R., 29 ; *Ballard* v. *Noaks*, 2 Ark., 45 ; 2 Am. Lead. Cas., "License,"

749, 754, 756, 762. The principle of trespass ab initio does not apply, as that applies solely to the case of an entry by public or official authority, and not to an entry by mere private license.

2. The revocation of the license by the wife was of no effect against the defendant. Without express authority from her husband she had no power to revoke the license. It is held in *Tayler* v. *Fisher*, Cro. Eliz., 246, citing five ancient cases, that the wife can not grant a license in regard to lands; and if so, how can she revoke one granted by her husband? The circumstances or even necessities of the case afford no presumption of authority, where the business is such as is usually transacted by men. *Sawyer* v. *Cutting*, 23 Verm., 486; *Green* v. *Sperry*, 16 id., 390; *Benjamin* v. *Benjamin*, 15 Conn., 347. But even if actual authority had been given it could not affect the defendant unless it was disclosed. *West* v. *Davis*, 7 East, 363. It appears from the record that the wife did not order him off in her husband's name, or intimate that he had instructed her to revoke the license. It does not appear that the defendant knew that the husband was absent, or that the wife was in charge of the premises. From the mere fact that she ordered him off in her own name, he could never be held bound to presume that she was intending to revoke a license previously granted by her husband and that she had express authority from her husband to make such revocation.

*Loomis* and *Wilson*, contra.

1. The continuance of the defendant upon the premises for the purpose of hunting, after the revocation of the license under which he claims to have entered, was itself an entry within the meaning of the 5th section of the statute. Every advance of the defendant upon the land, after such revocation, was an entry upon the plaintiff's land, not by mere construction but actually. Even if it were not a new and actual entry on land of the plaintiff, yet the original entry would be regarded as unlawful by relation, upon the principle of trespass ab initio. The defendant refusing to leave the premises

and taking advantage of his original entry to remain wrongfully on the land, would be estopped from claiming that he entered lawfully.

2. It may be conceded that it was necessary that the wife should have had authority from the husband to revoke the license claimed by the defendant, and the court so charged the jury, so that the defendant had nothing to complain of on this point; but it was not necessary that the wife should state her authority to the defendant. The circumstances were such as to create a reasonable appearance of authority on her part, which should have led him to presume that she had such authority, or to inquire. It does not appear that he even claimed to her that he had a license from her husband. The court properly instructed the jury that it was enough if the circumstances showed an apparent authority, and that the admitted circumstances did show such an authority.

McCURDY, J. The statute on which this action is brought contains various provisions for the preservation of game and fish. The 5th section, which is especially relied upon, enacts as follows:—" Any person who shall enter the lands or premises of any resident of this state with any fire-arms or other implements for the purpose of hunting or fishing contrary to the provisions of this act, at any season of the year, without the consent of the owner of said land or premises, shall be deemed guilty of a trespass, and shall forfeit and pay to the owners or possessers of such land and premises the sum of ten dollars, in addition to the provisions of this act, to be recovered by an action on this statute."

The defendant claimed that he entered the premises by consent of the owner. The plaintiff replied that the license was revoked 'by his wife acting under his express authority, and that the defendant continued to hunt after the revocation. The defendant denied that he had any knowledge or means of knowing that she had such authority, and further insisted that even if there had been a legal revocation of the license, yet as his original entry had been by consent, he could not be made liable under the statute for subsequently remaining on the

land. Upon these points he requested a specific charge as stated in the motion.

The court very properly held that the wife could not revoke her husband's license unless specially authorized by him, but that there was no necessity that her authority should be expressly disclosed to the defendant. It was sufficient if the circumstances indicated to him an apparent authority to do so. The court then went on to state the various facts claimed by the plaintiff to be proved, and said that if these facts should be found to be true, they, " and other circumstances attending the transaction," would justify the jury in finding " sufficient apparent authority," so as to make the revocation effective. The words " other circumstances " may be left out of consideration, as no others were proved or claimed, and if they had existed they should have been particularly specified in the charge.

The precise question is, whether the defendant, from the facts within his knowledge as proved, was bound to understand that she had such authority, or at least to suppose so and to make enquiry on the subject. The circumstances ennmerated by the court are, 1st, that the plaintiff was absent from home on the day of the trespass; 2d, that he left the premises in the sole care of his wife ; 3d, that he gave her express directions to forbid hunting and to order trespassers away. Now of these things the defendant, for aught that appears, was entirely ignorant, and there was nothing to call his attention to them. · The other facts are, that she ordered him away, that he knew she was the plaintiff's wife, and that he did not ask for her authority or refuse to leave on that account. Certainly there was nothing in these circumstances calculated to inform the defendant of her special authority or to stimulate an enquiry. He knew that her husband had given him a direct license, and what reason was there to suppose that without notice or apparent cause he had ordered her to recall it ? The law implies no such powers in the wife, but the reverse, and she claimed none at the time. *Her act* would not of itself convey any intimation of the *will of her husband.* The defendant might well suppose that of her own motion she

repelled the intolerable nuisance of a gunner around her house, or that with the sympathies of a true woman she preferred the presence of the birds to that of their destroyer.

On the question of revocation we think that the charge was incorrect.

On another part of the charge also we accept the ideas of the defendant. The unlawful entry upon the land, which calls down the penalty of the law, is the first crossing of the owner's line. This is one entire and single act. It can not be divided or multiplied, and it constitutes a complete offense. But the act in this case was by consent of the plaintiff. It is true that there are certain instances where an entry having been made under authority of the law and not merely by consent of the owner, subsequent acts of abuse render the party a trespasser ab initio. But the principle is not applicable to a case like this, instituted upon a penal statute, in relation to which the rule of construction is so familiar. The legal fiction that a fresh step on the land after revocation of the license is a new entry ought not to be adopted for the purpose of creating a crime and inflicting a penalty.

We advise a new trial.

In this opinion the other judges concurred.