HARRISON MENDENHALL, Appellant, v. SETH H. KLINCK, Respondent.

A mere license is personal to the licensee, and is not assignable. So, also, a right of election to take title to lands, when not coupled with a vested interest therein, cannot be claimed or exercised by an assignee.

Defendant gave to T. & T. a license to explore and test his lands, and in case they found or became satisfied there was oil therein, and elected before a specified time to take, agreed to convey to them or whomsoever they should direct. They did not examine or make an election, but assigned the contract. Plaintiff, as assignee thereof, claimed the right to elect and asked for specific performance. *Held*, that prior to an election T. & T. had no interest in the lands; that the right of election was personal and could not be transferred, and that, therefore, plaintiff's election did not satisfy the contract or give a right of action.

(Argued May 21, 1872; decided September term, 1872.)

APPEAL from order of the General Term of the Supreme Court in the first judicial district, reversing a judgment in favor of plaintiff entered upon the decision of the court at Special Term. (Reported below, 50 Barb., 634.)

This action was commenced in the Supreme Court for the specific performance of the following contract, to wit: " In con-

sideration of one dollar, to me in hand paid by Eli Thayer, of the city, county and State of New York, and P. P. Todd, of the city of Boston, I hereby agree for myself and my representatives, that they, said Thayer and Todd, and their agents, may explore, bore, or in any way and manner test and examine about 458 acres of land belonging to me, situate in Ritchie county, near Petroleum, Virginia, for oil, at any and all times, between this and July 1, 1864; and in case they find oil, or are satisfied there is any there, and elect to take the same before the said July 1, 1864, then I hereby agree, for myself and my representatives, to convey to them, or whosoever they may direct, upon condition they allow me .one-fourth part of the net profits of all oils taken from said lands, or put the same into a company, and give me one-fourth part of the stock in said company. In case they elect to take the same, I agree for myself and representatives to, by proper conveyances, free of all incumbrances, not only to convey the oil rights, and all oil in said premises, but the right to enter upon the same at all times, to take out oil and to use said premises, and all such materials thereon, coal, etc., as may be found thereon necessary for carrying on the manufacture, getting out and carrying on the oil business; and it is further provided that said Thayer and Todd are to commence boring upon said premises as soon as they conveniently can, and they shall bore at least 380 feet on said premises, in addition to the boring already done thereon, unless they find oil nearer the surface.

" Witness my hand and seal this October 31st, 1863.

" S. H. KLINCK." [L. S.]

At the time this contract was entered into by the defendant he had commenced and bored a well on the lands 130 feet deep, but no work had been done there since the spring of 1861. On the 18th day of February, 1864, Todd sold and assigned to Thayer the said agreement and all the rights of property and interests thereby granted and agreed to be conveyed, and on the 31st day of March, 1864, Thayer sold and assigned the same to Stephen Hills, Jr., and Silas Godard,

and on the 6th day of June, 1864, Hills and Godard sold and assigned the same to the plaintiff.

In March, 1864, before the purchase by Hills and Godard, the defendant, at their request, went with Mr. Godard to the lands in Virginia, and pointed out the same to him; the well commenced thereon, and the other indications of oil on the lands. They remained there two days, exploring and examining the lands. Oil was found in the abandoned well before spoken of, and also the indications of oil in other parts of the land, and Mr. Godard ascertained the same to be valuable oil lands, and took from said well some of the oil, and brought it with him to New York as a sample oil produced from said land.

Plaintiff also, in the spring of 1864, visited these lands and examined the same, and found oil there, as well as other indications of oil, and also became satisfied that the lands contained oil. Plaintiff elected to take the same under the agreement before the 1st day of July, 1864, and gave written notice of his election to the defendant personally, at Lyons, the place of his residence, on the 17th day of June, 1864, and there requested the defendant to make a conveyance or lease to him under and in pursuance of the agreement, which he refused to do.

Plaintiff and those acting with him entered upon said lands under the agreement on the 15th day of June, 1864, and immediately commenced preparations and work thereon, and have been since then and are now prosecuting their work there and sinking two wells.

The court ordered specific performance, and judgment was entered in favor of the plaintiff accordingly. Other facts appear in the opinion.

*L. J. Lansing* for the appellant. In construing the contract the pre-existing relations of the parties and the surrounding circumstances must be regarded. (*Blossom* v. *Griffin*, 13 N. Y., 569; *Bancroft* v. *Winspear*, 44 Barb., 209.) Effect must be given to every part of the contract.

( *Ward* v. *Whitney*, 8 N. Y., 442; *Westcott* v. *Thompson*, 18 id., 363; *Nelson* v. *Odiorne*, 45 id., 489.)   A specific performance of this contract should be decreed.   (*Bennett* v. *Piley*, 7 J. R., 249; 2 Pars. on Cons., 527; *Pepper* v. *Haight*, 20 Barb., 429; *Paschall* v. *Passmore*, 15 Penn. St., 295, 307; Story's Eq. Jur., §§ 747, 775, 776.)   It is not necessary that Thayer & Todd should be parties to the lease.   (1 Story's Eq. Jur., § 783; 2 id., § 1040; *Champion* v. *Brown*, 6 J. C. R., 402.)

*T. R. Strong* for the respondent.   Plaintiff was not on the facts entitled to a specific performance.   (*Blossom* v. *Griffin*, 13 N. Y., 569; *Moore* v. *Meacham*, 6 Seld., 207; *Spencer* v. *Babcock*, 22 Barb., 326.)   The granting of a specific performance is not a matter of right, but of a sound discretion. (*Matthews* v. *Terwilliger*, 3 Barb., 502; Story's Eq. Jur., § 374 *a*, 769; *Seymour* v. *Delancy*, 6 J. Ch., 222; S. C. in Error, 3 Cow., 445.)   Defendant is not bound to procure his wife to join in the conveyance.   (*Martin* v. *Dwelly*, 6 Wend., 15; *In re Hunter*, 1 Edw. V. C. R., 52; Story's Eq. Jur., §§ 731–735, and notes, 769; *Emery* v. *Wase*, 8 Ves., 505; *Howell* v. *George*, 1 Madd., 1; *Hall* v. *Young*, 4 Am. L. Reg., 412; 3 Barb., 50; 24 N. Y., 45.)   Evidence of mistakes, omissions, variation by parol, parol discharge, etc., were admissible.   (1 Greenl. Ev., 296 *a;* Story's Eq. Jur., §§ 769, 770.)   Questions of fact cannot be reviewed in this court.   (*Hoyt* v. *Thompson Exrs.*, 19 N. Y., 207; *Sandford* v. *Eighth Ave. R. R. Co.*, 23 id., 343; *Macy* v. *Wheeler*, 30 id., 231; *Miller* v. *Schuyler*, 20 id., 522; *Cook* v. *N. Y. C. R. R. Co.*, 3 Trans. Apps., 8.)

EARL, C.   Upon the trial the defendant claimed that it was the duty of Thayer & Todd, under the contract signed by him, before July 1, 1864, to bore at least 380 feet in addition to the boring already done, unless they should find oil nearer the surface, and that he was not obliged to execute the conveyance called for by his contract unless they had done so. The plaintiff, on the contrary, claimed that the contract simply

required Thayer & Todd, before July 1, 1864, to examine and explore the lands, and satisfy themselves that there was oil there, and then upon their election the defendant was bound to convey, and this was the construction put upon the contract at Special Term. The court at General Term adopted the defendant's construction of the contract, and reversed the judgment upon the sole ground that the plaintiff had not before July 1st, bored to the depth of 380 feet or found oil nearer the surface.

I am of opinion that the construction put upon the contract at Special Term was the correct one. Prior to the first of July the contract gave Thayer & Todd a license to go upon the lands and explore, bore, test and examine them; and if they became satisfied that there was oil there in sufficient quantities, then, upon their election, the defendant was to convey. The time when they were to commence boring was not otherwise specified than that it was to be as soon as they conveniently could; and there is no satisfactory evidence that the boring was not commenced as soon as convenient, and prosecuted in good faith with reasonable dispatch.

But there is an obstacle in the way of plaintiff's recovery which I am not able to overcome, which was not noticed at Special or General Term, and which was but slightly noticed upon the argument before us. The defendant gave Thayer & Todd a license to explore, bore, test and examine the lands; and in case they found oil, or became satisfied that there was oil in the lands, and elected before July 1st to take them, he agreed to convey to them or whomsoever they might direct. Until they should elect, they had no interest in the lands; they had a mere license to go upon the lands, with the right of election. This license extended only to them and their agents. They could not sell or assign it. A mere license is personal to the licensee, and is not salable or transferable. The right of election was personal, and they could not transfer it. It was upon *their* becoming satisfied, and making the election, that the defendant agreed to convey.

In *Vandenburgh* v. *Van Bergen* (13 J. R., 212), A., in 1734, granted to B. a certain saw-mill on the Coxsackie creek, with the ground and stream of water thereunto belonging; "and also the full liberty and license to erect and build another mill on any other place at or on the same creek, with like liberty of ground and stream of water." It was held, though B., in his lifetime, would have had a right to have erected a mill on the creek, and to have overflowed, so far as was reasonable and necessary, the land of C., adjacent to the creek, and subsequently purchased of A., yet that B., never having elected a place for another mill, or exercised his right to erect such other mill during his lifetime, it became extinct at his death; and the right could not be claimed or exercised by his heirs or assigns. The decision proceeded upon the ground that the right of election was not coupled with an interest which vested absolutely at the time of the grant. In Coke upon Littleton (145 *a*) the learned commentator lays down six rules as to elections, the first of which is as follows: " When nothing passeth to the feoffee or grantee before election to have the one thing or the other, then the election ought to be made in the life of the parties, and the heir or executor cannot make election. But when an estate or interest passes immediately to the feoffee, donee or grantee, then election may be made by them or by their heirs or executors."

Under the contract in question, prior to their election, no interest or estate in the lands was given to Thayer & Todd which they could transmit to their heirs or transfer to their assigns. Hence, under the rules laid down by the authorities cited, the right of election was personal to them.

They did not go upon the lands after the execution of the contract by the defendants, and did not make any examinations or explorations for oil upon the lands, either in person or through their agents. They did not become satisfied that there was any oil in the lands, and did not make any election to take the lands. The plaintiff made some examination, became satisfied and made the election. But he did not act

or profess to act as agent for Thayer & Todd. He made the election for himself, in his own right, as assignee of the contract. His election did not satisfy the contract nor the requirement of the law.

Authorities were cited by the counsel for the appellant to show that an assignee of a contract for the purchase of land can compel specific performance against the vendor. This is not disputed. In such case the vendor, having a present interest by his contract in the land, may assign it, and a court of equity, looking, as it always does, to the real parties in interest, will ordinarily compel specific performance against the vendor. But these authorities, for reasons above stated, are not applicable to this case.

The order of the General Term should therefore be affirmed and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.