# MARIA G. WINNE, RESPONDENT, *v.* THE ULSTER COUNTY SAVINGS INSTITUTION, APPELLANT.

*Parol license to enjoy an easement in an adjoining building — if not founded on a valuable consideration, it is revoked by a conveyance of the servient tenement — evidence — when notice to a corporation may be inferred from a notice given to its trustees.*

The defendant erected a banking house adjoining, and higher than, a building erected upon the next lot which was then owned by the plaintiff's grantor. Under the oral license or permission of the plaintiff's grantor, the defendant erected upon its building a cornice projecting twenty-five inches over the roof of the adjoining house and at a height of twenty-five feet above it. In this cornice was a gutter from which the water, falling upon a portion of the defendant's roof, flowed into and through a conductor to the gutter upon the roof of the adjoining house, from whence it flowed through a conductor to the ground. After this cornice and gutter had been so constructed and used for many years, the plaintiff purchased the adjoining house from the person by whom the said license or permission had been given.

Upon the trial of this action, brought by the plaintiff to recover damages for injuries sustained by reason of her house being flooded with water by reason of the failure of the gutters and conductors to discharge the water running into them, the court charged that if there was a simple parol license given to the defendant by the plaintiff's grantor, without any reciprocal use of the defendant's lot, then that license was ended by the conveyance to the plaintiff, and no notice of its termination was required to be given by her to the defendant.

*Held,* that the charge was correct.

Upon the trial evidence was received showing that the plaintiff, by her husband, gave notice severally to three of the trustees of the defendants and to one of its servants who, among other duties, superintended the work of making repairs to its buildings, that the license was revoked.

*Held,* that it was not error to admit the evidence; that although notice to the trustee might not of itself be notice to the corporation, yet it was a fact from which such notice might be inferred by the jury.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*F. L. Westbrook,* for the appellant.

*Wm. Lounsbery,* for the respondent.

LANDON, J. :

The bank building of the defendant is higher than the adjoining house of the plaintiff, both facing the same street.   The defendant

upon the oral license or permission of the grantor of the plaintiff projected the cornice of its bank building twenty-five inches over the plaintiff's house, at an elevation of twenty-five feet above the gutter of the latter. The defendant, with the like license and permission, constructed in said cornice a gutter for the collection of the rain-water that fell upon a portion of the roof of the bank building, and then by a leader or pipe connected the gutter in the cornice with the gutter upon the plaintiff's house, and from the latter gutter by another leader conveyed the rain-water to the ground. Except for the license the defendant had no right to do this. The plaintiff became the owner of her house and lot by virtue of a deed on the 23d day of February, 1880, at which time and for many years prior thereto, the cornice, gutters and leaders were and had been in position and use. The plaintiff's house was injured by means of being flooded with water, which entered it upon several occasions after her purchase, because of the failure of the gutters and leaders adequately to discharge it. She obtained a verdict for damages and the defendant now appeals from the judgment awarding them, and from the order denying a new trial.

There was evidence tending to show that the plaintiff's grantor gave the license to the defendant in consideration of a license to him, to enjoy the privilege of a urinal upon defendant's lot, and that the plaintiff's grantor did use the urinal upon defendant's lot, and that such use was continued by the plaintiff after she acquired the lot. Whether this was so was a question of fact left to the jury to determine. The court held, first, that if there was a simple parol license given to defendant by plaintiff's grantor, without any reciprocal use of defendant's lot in exchange, then that license was ended by the conveyance to the plaintiff; and, second, that if the license to the defendant was in consideration of the license to the plaintiff's grantor to use the urinal upon defendant's lot, and plaintiff after the conveyance to her continued that use, then the license to the defendant was continued by the plaintiff and could only be ended by notice to defendant of its revocation.

The second proposition was not excepted to by defendant, but the first was. The court was correct in its first proposition. A simple parol license conveys no title or interest in the land of the licensor. (*Wiseman* v. *Lucksinger*, 84 N. Y., 31; *Cronkhite* v.

*Cronkhite*, 94 id., 323.) It follows that the licensor by parting with his title ends his privilege to extend or continue the license; and that the licensee cannot thereafter say that he has the permission of the present owner, and the present owner can say that he took the land without burden. Such a license therefore ends by the conveyance of the licensor. It is also said to be personal from the licensor and to the licensee, and is' therefore gone if the licensor convey to another. (*Miller* v. *A. and S. R. R. Co.*, 6 Hill, 61; *Dubois* v. *Kelly*, 10 Barb., 509; *Mendenhall* v. *Klinck*, 51 N. Y., 250; 3 Kent, 452.)

Exception was taken by the defendant to the admission of evidence, to the effect that the plaintiff by her husband gave notice severally to three of the trustees of the defendant, and to a servant of the defendant who, among other duties, superintended repairs to its building, that the license was revoked. · The exception was not well taken.

It may be conceded that no trustee had been specially intrusted with the duty of taking care of this cornice and gutter, but that fact would not lessen, and perhaps ought to increase, the obligation of a trustee to communicate to the corporation a fact material for it to know respecting them. Notice to such a trustee may not of itself be notice to the corporation, but may be a fact from which notice to the corporation may be found, because the jury may presume that the trustee did his duty by communicating to the corporation the knowledge he had obtained and which it was material that the corporation should know. The presumption that such knowledge was communicated to the bank was strengthened by proof that it was given to three trustees, and also to the servant of the defendant, who superintended repairs to the building. The exception was to the admission of the evidence and to the refusal to nonsuit upon the ground that there was no evidence of notice of revocation, and in neither case presents the question whether the notice given to the trustees and to the servant was *per se* notice to the bank. That the evidence was competent, and that from it the jury might find that the bank received notice of revocation we do not doubt.

No evidence was given that authority was expressly given by the plaintiff to her husband to give the notice of revocation. But his

general agency, in behalf of the plaintiff, seems fairly inferable from the evidence. Certainly there was no such reason to suppose that he was an unauthorized meddler as in the case of *Kellogg* v. *Robinson* (32 Conn., 335), cited by the defendant.

The fact that the gutter, cornice and leaders were in place when the plaintiff purchased her premises, no doubt charged her with inquiry, as the defendant urges, with respect to the title of the defendant to have them there. But that inquiry, prosecuted till the truth was found out, would simply have disclosed that they were in place by no better title than the simple parol license of her grantor. There was no equity that could enforce their remaining.

We see no facts in the case requiring the court to hold that the damage to the plaintiff was caused by her own neglect, nor do we think the verdict excessive.

Judgment and order affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.