GEORGE P. CAHOON, Appellant, *v.* THEODORE W. BAYAUD et al., Respondents.

In an action to recover possession of a mine, and to have plaintiff adjudged owner of the mining rights in certain premises, it appeared that in 1864 S., the owner of the premises, entered into an agreement with plaintiff which provided that the latter should "have the right to enter upon the premises * * * with men, teams and tools, for the purpose of prospecting and examining for mines and minerals, and to dig, carry away and test such portions * * * as he may think proper, * * * and if he after making such examination and test, etc., shall be of opinion that they are worth working, he shall then have the right to go on and dig, carry away and cause to be worked such of the substances there found;" the net proceeds of sales of products to be divided between the parties in certain specified proportions. It was also provided that the agreement should "bind the heirs and assigns of the respective parties." *Held,* that the agreement conveyed no title or interest in the land, but amounted to merely a license or personal privilege to go upon the land for the purpose of prospecting, with the option of going on and working any mining interests; that to obtain more it was necessary for plaintiff to declare his election as to whether he would enter upon

the business of regularly working the mine, or do acts equivalent to the declaration of that election; that as no time was fixed, plaintiff was required to make the necessary examination and exercise his option within a reasonable time, and in case of failure so to do, S. was entitled to revoke the license.

For over twenty years prior to the commencement of the action plaintiff went upon the premises yearly and did some prospecting for ores, but nothing more. The premises were conveyed by S. about ten years after the agreement was made, and thereafter a mine was developed thereon by defendants, who claimed under said conveyance. *Held*, that S. was entitled to revoke the license because of plaintiff's delay in exercising the option; that the transfer of the land amounted to such a revocation; and that, therefore, the action was not maintainable.

(Argued June 25, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 1, 1888, which affirmed a judgment in favor of defendants, entered upon the report of a referee.

This action was brought to recover possession of a mine and to have plaintiff adjudged to be the owner of the mining rights upon a farm belonging to Erastus Spaulding on June 13, 1864, which plaintiff claimed were transferred to him by an agreement executed that day.

The provisions of the agreement and the facts, so far as material, are stated in the opinion.

*John C. Keeler* for appellant. The construction given by the referee to the paper under which plaintiff's rights are secured, was erroneous. (*Giben* v. *Atkinson*, 31 N. W. Rep. 570; *McCahan* v. *Wharton*, 121 Penn. St. 424; *Lane* v. *Wilcox*, 55 Barb. 617; *Ryckman* v. *Gillis*, 57 N. Y. 74, 75; *Jackson* v. *Hudson*, 3 Johns. 387; *Caldwell* v. *Fulton*, 7 Casey, 480; *Borst* v. *Empie*, 34 N. Y. 39; *Gould* v. *Glass*, 19 Barb. 192; *Ives* v. *Van Auken*, 34 id. 569; *Barlow* v. *Scott*, 24 N. Y. 40; *Hoffman* v. *Æ. F. Ins. Co.*, 32 id. 413; *McIntyre* v. *McIntyre*, 105 id. 264; *Eaton* v. *Wilcox*, 42 Hun, 67; *Myers* v. *Farquaharsen*, 46 Cal. 190; *Bridges* v. *Pierson*, 45 N. Y. 604; *White's Bank* v. *Miles*, 73 id. 339; *Coleman*

v. *Beach*, 97 id. 554; *Jackson* v. *Blodget*, 16 Johns. 172; *Knowlton* v. *Olliver*, 28 Fed. Rep. 516; *Livingston* v. *Livingston*, 15 Wend. 294; *Clinton* v. *H. Ins. Co.*, 45 N. Y. 434; *Gray* v. *N. Y. C. R. R. Co.*, 11 Hun, 73; *Tyler* v. *Ames*, 6 Lans. 281; *D. S. B. Co.* v. *Garden*, 101 N. Y. 390; *French* v. *Carhart*, 1 id. 104; *Inness* v. *Willis*, 16 J. & S. 193; *Hymes* v. *Estey*, 116 N. Y. 501; *Marvin* v. *B. I. M. Co.*, 55 id. 549; *Langdon* v. *Mayor,* etc., 6 Abb. [N. S.] 322; *Cunningham* v. *Knight*, 1 Barb. 399; *Bowen* v. *Beck*, 94 N. Y. 86; *A. D. Co.* v. *Leavitt*, 54 id. 35; *Jennings* v. *Conboy*, 73 id. 236; *Lacustrine* v. *L. G. & T. C. Co.*, 82 id. 484; 3 R. S. [6th ed.] 672, § 124; *Gray* v. *Barton*, 55 N. Y. 68; *Torry* v. *Black*, 58 id. 186; *Best* v. *Thiel*, 79 id. 17; *Babcock* v. *Utter*, 32 How. Pr. 447–449; *Jamieson* v. *Millman*, 3 Duer, 260–263; *Pierce* v. *Keator*, 70 N. Y. 380; *Funk* v. *Haldeman*, 53 Penn. 237; *Mumford* v. *Whitney*, 15 Wend. 380; *Hope's Appeal*, 3 Atl. Rep. 23; 2 Washb. on Real Prop. [5th ed.] 403; *Van Rensselaer* v. *Radcliff*, 10 Wend. 639; *Kirty* v. *Peck*, 113 N. Y. 229; *Emery* v. *Hitchcock*, 12 Wend. 156; *Simmons* v. *Kissick*, 4 Daly, 149.) The General Term erred in holding that plaintiff had forfeited his rights under the paper by non-user. (*Jackson* v. *Blodgett*, 16 Johns. 172; *Marvin* v. *B. I. M. Co.*, 55 N. Y. 549; *Gregg* v. *Birdsall*, 53 Barb. 402; *Smyles* v. *Hastings*, 22 N. Y. 224; *Jewett* v. *Jewett*, 16 id. 157; *Schiffer* v. *Dietz*, 83 id. 312; *Towle* v. *Remsen*, 70 id. 311; *Nichol* v. *R. R. Co.*, 12 id. 131; *Underhill* v. *R. R. Co.*, 20 Barb. 459; *Finley* v. *King*, 3 Pet. 374; *B. P. L. Co.* v. *R. R. Co.*, 10 Abb. [N. C.] 112; *Schulenberg* v. *Harriman*, 12 Wall. 63.) Plaintiff had the right to maintain this action to recover possession of the mine. (*Machin* v. *Goertner*, 14 Wend. 241; *Hunter* v. *Starin*, 26 Hun, 530; *Ewen* v. *Burnett*, 11 Pet. 53; *Barclau* v. *Howell*, 6 id. 513; 3 Washb. on Real Estate, 126, 134.) Plaintiff was entitled to recover the value of the ore removed by defendants from the mine. (*Baker* v. *Hart*, 52 Hun, 363; *Green* v. *Biddle*, 8 Wheat. 80, 81.) This action is properly brought. (*Phillips* v. *Gorham*, 17 N. Y. 270; *Van Voorhis* v. *Kelley*, 31 Hun,

296; *Lattin* v. *McCarty*, 41 N. Y. 110; *Coit* v. *Gray*, 25 Hun, 445.)

*C. A. Kellogg* for respondents. The instrument made on the 13th day of June, 1864, between Erastus Spaulding and the plaintiff, did not vest the plaintiff with the title of the mines and ores, upon what was called in the evidence "the 16-acre lot." (1 Washb. on Real Prop. 67, § 37; 542 §§ 2, 37; 2 id. 345, § 62; *Clement* v. *Young*, 40 Penn. St. 341; *Ryckman* v. *Gillis*, 57 N. Y. 72; *A. O. Co.* v. *Bradford*, 21 Hun, 31; *Tillotson* v. *Preston*, 7 Johns. 285; *Shepard* v. *M. O. Co.*, 38 Hun, 37; *Babcock* v. *Utter*, 32 How. Pr. 439.) The making of examinations and tests, was a condition precedent to the right to take ores for any other purpose. (*Mendenhall* v. *Klinck*, 50 Barb. 634; *Vanderburgh* v. *Vanbergan*, 13 Johns. 212.) The instrument of June thirteenth gave but a license coupled with an election. (*Pierce* v *Keator*, 70 N. Y. 422; 2 Washb. on Real Prop. 345, § 62; *Ryckman* v. *Gillis*, 57 N. Y. 72; *Pierrepont* v. *Bernard*, 6 id. 284; *Mendenhall* v. *Klinck*, 50 Barb. 634; 51 N. Y. 246; *Vanderburg* v. *Vanbergan*, 13 Johns. 212; *Jackson* v. *Van Buren*, Id. 525.) If the plaintiff acquired any rights under the agreement, he lost them all by his unreasonable delay in exercising his option. From the situation of the property and the acts to be done, time was the essence of the whole agreement. (*A. O. Co.* v. *Bradford*, 21 Hun, 31; *Thomas* v. *Dickenson*, 12 N. Y. 368; Chitty on Cont. [6th ed.] chap. 5; *Lawrence* v. *Miller*, 86 N. Y. 135.)

GRAY, J. The agreement, under which the plaintiff in this action claims to have acquired some property rights and interests, does not contain any words sufficient to constitute a deed of an estate in lands, or even importing the grant of such. Its language is that he "shall have the right to enter upon the premises    *    *    *    with men, teams and tools for the purpose of prospecting and examining for mines and minerals, and to dig, carry away and test such portions, etc., as he may

·think proper; * * * and if he, after making such examination and test, etc., shall be of opinion that they are worth working, he shall then have the right to go on and dig, carry away and cause to be worked such of the substances there found." The agreement provided that the expenses were to be borne by the plaintiff, and the net proceeds of sales of product were to be divided in certain specified proportions. It was also provided that it should "bind the heirs and assigns of the respective parties." The plaintiff's contention is that through this writing he and his heirs and assigns became vested in fee with the right to exercise all the mining rights in the piece of land where the mine in question was located. That, however, was not the legal effect of the instrument. Its plain intendment and its whole force were to give to the plaintiff a license, or authority, to enter upon the lands for the specific purpose of prospecting for minerals, and of extracting and testing the ores; and then it gave him the option, if he thought them worth working, of going on and operating the mine, under an arrangement for the division of the profits. That was the value and benefit of this agreement to the plaintiff. Although in writing, and purporting to bind the heirs and assigns of the parties, it amounted to nothing more than a mere license, or personal privilege to the plaintiff, and conveyed no titular interest in the land. To obtain more it was necessary for the plaintiff to take the further step of declaring his election as to whether he would enter upon the business of regularly working the mine, or of doing acts equivalent to the declaration of that election. The instrument is inartificially and crudely drawn, but the sense of it must be deemed to be to give a privilege to go upon the lands, not to vest an interest in them. As to the conveyance of any right it was executory, and had the plaintiff formed the opinion that the mining rights were worth possessing and working, he could undoubtedly have compelled the execution and delivery of proper instruments of grant, securing to him all requisite property rights. The right to an interest in the land would have been initiated upon the plaintiff's becoming satisfied in his mind that the

ores were worth working, and upon his then making the election to go on and operate the mining rights. Prior to that he was vested with no estate, or interest in the property, which was transmissible, or transferable. The case of *Mendenhall* v. *Klinck* (51 N. Y. 246) is sufficiently in point as an authority for that proposition.

For over twenty years, between the making of this agreement and the commencement of this action, the plaintiff, as the referee finds, went upon the premises yearly and did some prospecting for ores, but he never did more, or all that the agreement called for. Meanwhile Spaulding, with whom the plaintiff had made the agreement, conveyed away the land some ten years afterwards. We think the plaintiff failed to avail himself of the provisions of this agreement, in any such wise as to evidence an intention to operate the mining rights. Nothing was done by him to indicate to Spaulding that he was going to take up the matter seriously, and he was legally bound to define his position towards the owner of the land as soon as it was fairly possible. But he does not appear to have removed the minerals, or to have tested them, and his yearly visits upon the property do not have the semblance of an honest purpose. If he honestly meant to initiate and acquire rights in Spaulding's property, fair dealing required of him to take the requisite steps under his agreement within a reasonable time. No time being specified in the instrument, the law affixed to it the obligation of proceeding within what would be deemed a reasonable time. When the plaintiff waited for so long a period without definite action, he thereby left it open to Spaulding to revoke the authority to him. The agreement in question was not obligatory upon plaintiff to do anything, except in the event that he chose to acquire an interest in the mining property, and, after he had a fair opportunity to satisfy himself, he was bound to act promptly or the privileges might be revoked. This revocation of the authority contained in the agreement was, in fact, effected when Spaulding deeded away the land. He was not bound to wait indefinitely for the plaintiff to make up his mind about the

advisability of going on with the business, and the lapse of over ten years was far in excess of the period of time which he might fairly have been held bound to accord to plaintiff for exercising his election   Under the circumstances, and in view of plaintiff's conduct, Spaulding was entitled to believe, and the court had the right to conclude, that the plaintiff, having failed to do the acts mentioned in the agreement within so great a length of time, had ceased to have any further rights under the instrument in question.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.