[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #128)
FACTS
On March 22, 1995, the plaintiff, Cyril Urda, filed a complaint against the defendant, Christos Glynos d/b/a The Painted Pony Restaurant. Urda alleges the following facts in his complaint. On or about May 30, 1993, Urda was a patron of The Painted Pony Restaurant, which Glynos owns and operates. On this evening, Urda ordered a dinner, which included a salad. When Urda began chewing his first forkful of salad, he bit into an olive pit. As a result, Urda fractured his upper right first bicuspid. CT Page 4010-W Urda alleges that he has and will suffer pain and anguish from this injury, and that he has incurred medical and dental expenses.
On September 26, 1995, Glynos filed a motion to cite in Avram Berger, D.D.S., pursuant to General Statutes § 52-102, as a party defendant to this action. On November 6, 1995, the court, Pickett, J., granted Glynos's motion to cite in Berger as a party defendant. Consequently, Glynos filed a claim for apportionment from Berger, dated November 14, 1995.
On February 6, 1996, Berger filed, pursuant to Practice Book § 151 et seq., a motion to strike Glynos's claim for apportionment from Berger. Berger also filed, on February 6, 1996, a memorandum of law in support of his motion to strike Glynos's claim for apportionment. In response, on February 13, 1996, Glynos filed a memorandum of law in opposition to Berger's motion to strike. Subsequently, on March 13, 1996, Berger filed a reply to Glynos's opposition memorandum.
Meanwhile, on February 13, 1996, Glynos filed an amended claim for apportionment from Berger. In response, on February 26, 1996, Berger filed an objection to Glynos's amended claim for apportionment. Glynos filed on February 28, 1996, a reply to Berger's objection to the amended claim for apportionment.
On April 8, 1996, the court, Walsh, J., heard oral argument in this case. At the hearing, the court, Walsh, J., granted Glynos's request to file an amended claim for apportionment. The court then heard arguments on the motion to strike. In this memorandum the court addresses Berger's motion to strike as if the motion to strike the claim for apportionment had been made as a motion to strike the amended claim for apportionment.
In his amended claim for apportionment, Glynos alleges thatUrda, in his lawsuit against Dr. Berger. alleged "that Dr. Berger committed malpractice when he broke a second tooth while removing the first broken tooth. In par. 8 of the amended claim for apportionment, Glynos further alleges that in Urda's suit against Berger, `[t]he plaintiff, Urda, claims damages against this defendant' (Berger) `for injury to both teeth and for the subsequent alleged malpractice.' The court takes judicial notice that nowhere in Urda's complaint against Berger does Urda claim injury to both teeth. CT Page 4010-X
In his complaint Urda does claim that Berger's malpractice caused the plaintiff to have much corrective work done with the reintroduction of tooth transplants and that some of those may fail. Urda also claims in his suit against Glynos that he has been required to endure a series of dental procedures which include dental implants, and that he has had to modify his diet.
Glynos also alleges in his amended claim for apportionment that "[t]o the extent that Dr. Berger was negligent as claimed by Mr. Urda and to the extent that Dr. Berger may be negligent in breach of the duty of reasonable care owed to his patient when he used the second tooth for leverage in removing the first tooth or otherwise damaged the integrity of the second tooth, as claimed by the plaintiff in his deposition, the defendant, Glynos claims apportionment of damages." Further, the "defendant, Glynos claims apportionment as all or some of the damages allegedly sustained by the plaintiff and claimed in this lawsuit were proximately caused by Dr. Avram Berger."
DISCUSSION
Through a motion to strike, a party may contest the legal sufficiency of a complaint's allegations for failure to state a claim upon which relief can be granted. RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Id. The court must, "construe the facts alleged in the complaint in a light most favorable to the pleader." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. The BOC Group Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987).
Berger moves to strike Glynos's claim for apportionment on several grounds. Berger states in his first ground that "the allegations contained therein are legally insufficient to support a claim for apportionment. . . ."[1]
In his memorandum in support of the motion to strike, Berger argues that the allegations contained in Glynos's claim for apportionment "merely state that Dr. Berger's treatment of the plaintiff [Urda] was negligent in breach of the duty of CT Page 4010-Y reasonable care owed to his patient and as a proximate result . . . plaintiff was injured." (Internal quotation marks omitted.) (Berger's Memorandum of Law in Support of the Motion to Strike Glynos's Claim for Apportionment, p. 3). Consequently, Berger argues that because Glynos's allegations are merely legal conclusions, unsupported by facts, the court should grant Berger's motion to strike.
General Statutes § 52-572h(c) provides, in relevant part: "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . ."[2]
"Prior to legislation known as Tort Reform I; Public Acts 1986, No. 86-338; and Tort Reform II; Public Acts 1987, No. 87-227; the doctrine of joint and several liability provided that one of several defendants could be forced to pay an entire judgment at the plaintiff's option. . . . Tort Reform II created a rule of liability apportionment that replaced the joint and several liability rule. (Citation omitted.) Cooper v. Delta ChiHousing Corporation, 41 Conn. App. 61, 64-65 (1996).
"The purpose of comparative negligence is to ameliorate the harshness of the complete bar to liability resulting from the common law defense of contributory negligence. . . . This change in policy was accomplished by mandating a comparison by the fact finder of the relative degrees of negligence of the plaintiff and the defendant." (Citation omitted; internal quotation marks omitted.) Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,585, 657 A.2d 212 (1995). "Under the liability apportionment system, a defendant who believes that a nonparty is responsible for some or all of the plaintiff's injuries could implead the nonparty."Cooper v. Delta Chi Housing Corporation, supra, 41 Conn. App. 65.
Glynos alleges in his amended claim for apportionment that Berger "deviated from the standard of care when he damaged a second tooth while removing the first tooth, and that the defendant [Berger] failed to warn Mr. Urda that there was a risk of injury to a second tooth before performing surgery." (Glynos's Amended Claim for Apportionment From Berger, p. 2). Further, Glynos alleges that to the extent Berger was or "may be negligent CT Page 4010-Z in breach of the duty of reasonable care owed to his patient when he used the second tooth for leverage in removing the first tooth or otherwise damaged the integrity of the second tooth . . . Glynos claims apportionment of damages." (Glynos's Amended Claim for Apportionment From Berger, p. 2).
In both of Urda's lawsuits he has claimed that as a result of the actions of Glynos in one case, and Berger in the other case, he was required to have corrective procedures, including dental implants. It would be a jury question to determine whether Berger's alleged malpractice made Urda's damages in the case ofUrda v. Glynos worse than they otherwise would have been. These allegations therefore do not constitute "mere conclusions of law that are unsupported by the facts alleged." See NovametrixMedical Systems. Inc. v. The BOC Group, Inc., supra, 224 Conn. 215.
Berger states in the second ground of his motion to strike Glynos's [amended] claim for apportionment that "Dr. Berger's presence in this case is not necessary for a determination of the issues involved." Specifically, Berger argues that his presence in this action is not necessary because the allegation of negligence against Glynos involves a separate and distinct act from the negligence alleged against Berger. Berger argues that he is not a necessary party because he "is not at all potentially liable for the plaintiff's injuries which arose directly from biting into an olive pit." (Berger's Reply Memorandum of Law, p. 4). Further, Berger argues that he is not an appropriate defendant because he is not necessary for a complete determination or settlement of the issues involved in this action. Accordingly, Berger requests that the court strike Glynos's [amended] claim for apportionment on this ground.
In response, Glynos argues in his memorandum of law in opposition to the motion to strike that Berger is a necessary party because "a physician, who it is claimed breached a standard of care in treating an injury allegedly caused by a first defendant, is properly cited into the action against the first tortfeasor so that liability may be apportioned." (Glynos's Memorandum of Law in Opposition to the Motion to Strike, p. 2). Specifically, Glynos argues that the court should include Berger as a party in the present case "so that any damages attributable to his negligence can be apportioned, and eliminated from any award that Mr. Glynos may be required to pay." (Glynos's Memorandum of Law in Opposition to the Motion to Strike, p. 5). CT Page 4010-AA
Practice Book § 198 provides that the "exclusive remedy for misjoinder of parties is by motion to strike." Practice Book § 198; see Zanoni v. Pikor, 36 Conn. App. 143, 145,648 A.2d 892 (1994).
In Stowe v. McHugh, Superior Court, judicial district of Waterbury, Docket No. 117721, 12 Conn. L. Rptr. 485 (September 29, 1994) (West, J.), the plaintiff initiated a medical malpractice action against the defendant McHugh seeking damages sustained when he developed an infection in his lower right leg after McHugh treated an ingrown toe nail on his right foot. McHugh then moved to cite in Waterbury Hospital as a defendant for purposes of apportionment under General Statutes § 52-572h(c). McHugh claimed that Waterbury Hospital's care and treatment of the plaintiff for the subsequent infection was not appropriate and was a deviation from the applicable standard of care.
The Stowe v. McHugh court stated that "[t]he rule in Connecticut with respect to subsequent tortfeasors is that an injured party can recover from an original tortfeasor for damages caused by the negligence of a doctor in treating the injury which the tortfeasor caused, provided the injured party used reasonable care in selecting the doctor. . . . Although this rule provides that a plaintiff can recover from an initial tortfeasor the amount of the damages attributable to the initial injury and the subsequent aggravation or amplification of the injury resulting from negligent treatment, . . . the rule does not mandate that a plaintiff sue only the defendant responsible for the primary injury, of that such defendant is to be solely responsible for the entire injury." (Citations omitted; internal quotation marks omitted.) Stowe v. McHugh, supra. The court emphasized that "jurisdictions that have adopted comparative negligence statutes have recognized the right to bring subsequent tortfeasors into the plaintiff's action in order to apportion fault and liability among the initial and subsequent tortfeasors. . . ." Id. Consequently, the court determined that in a jurisdiction where fault or liability is apportioned among parties in one action, such as in Connecticut, pursuant to General Statutes § 52-572h(c), the court should join subsequent tortfeasors as parties in the injured plaintiff's action against the initial tortfeasor. Id. Thus, the court held that because the defendant alleged that Waterbury Hospital was responsible for a share of the plaintiff's injuries, due to its negligent treatment of the infection allegedly caused by McHugh's negligence, Waterbury Hospital should be joined as a party defendant in the plaintiff's action to properly apportion fault between the potentially liable CT Page 4010-BB parties. Id.
The present case is similar to Stowe v. McHugh, supra. In the present case, Berger argues that he is not a necessary party to this action because he is not potentially liable for Urda's injuries, which arose from biting into an olive pit in the salad Glynos served. In Connecticut where fault or liability is apportioned among parties in one action, pursuant to General Statutes § 52-572h(c), subsequent tortfeasors are to be joined as parties in the injured plaintiff's action against the initial tortfeasor. See Stowe v. McHugh, supra.; General Statutes § 52-572h(c). Consequently, because Glynos has alleged that Berger damaged a second tooth while removing the tooth Urda fractured when he bit into an olive pit at Glynos's restaurant, and because "subsequent tortfeasors . . . are to be joined as parties in the injured plaintiff's action against the initial tortfeasor." Berger should be a party defendant to this action. The reason for this case is, as already stated, that Berger's alleged malpractice may have made the damages sustained by Urda in the case of Urda v. Glynos greater than they would otherwise have been.
As to Berger's claim that the Statute of Limitations bars Glynos's claim for apportionment, a claim for apportionment is not an action to recover damages, and therefore it is not governed by Sec. 52-584 of the Conn. Gen. Stat., and further Conn. Gen. Stat. § 52-572h(c) expresses the policy that each party against whom recovery is allowed should be liable to the plaintiff only for his proportionate share of the damages.
CONCLUSION
The motion to strike is denied.