STATE vs. NATHANIEL M. HYDE.

A conservator has a right to enter the dwelling-house of his ward, without his permission, and against his will, to take an inventory of the property of the ward, or to attend to any other duties of his office that require such entry.

The statute (Rev. Stat., tit. 25, § 2,) provides that the courts of probate may appoint conservators upon the application of relatives or of the selectmen of a town, and that such application "shall be signed by the persons preferring the same." Four selectmen of a town authorized one of their number to inquire into a case, and, if he thought proper, to make an application and to sign their names to it. An application was so signed, a notice was served on the respondent in accordance with the statute, and the appointment was made by the court, the respondent not appearing. Held, that the objection to the form of the application could only be made in the proceeding before the probate court, and that the validity of the appointment could not be collaterally called in question.

The record of the appointment of a conservator by the court of probate is admissible to rove his appointment in a criminal prosecution against the ward for an assault upon him while entering the dwelling-house of the ward to discharge the duties of his appointment. The principle which limits the conclusiveness of a judgment, as evidence of facts determined by it, to parties and their privies, has no application to such a case.

COMPLAINT for an assault and battery and breach of the peace, brought to the superior court by appeal from the judgment of a justice of the peace.

On the trial to the jury in the superior court, the attorney for the state introduced evidence of an assault upon one Benjamin E. Palmer, named in the complaint, committed by the

defendant, in a dwelling-house owned and occupied by the defendant. The defendant thereupon offered evidence to prove, and claimed that he had proved, that Palmer entered the dwelling-house by raising the latch and opening the outside door without the consent of the defendant, and that he was requested to depart by the defendant before the assault was made, and that the assault was in the necessary and proper defense of his dwelling house. It was claimed on the part of the state that Palmer was, at the time, conservator of the person and estate of the defendant, and that he peaceably and lawfully entered the dwelling-house in the discharge of his duty as such conservator, in company with appraisers for the purpose of making an inventory ; and, in order to prove such conservatorship, the attorney for the state offered in evidence the files and records of the court of probate ; to the admission of which in evidence the defendant objected, on the ground that those proceedings, being in a civil suit, were not admissible in this, it being a criminal prosecution, and between other and different parties. The court admitted the evidence, and thereupon the defendant offered the testimony of Charles Adams, Norman Parks and Henry Kendall, whose names purported to be signed to the application to the court of probate for the appointment of the conservator as selectmen, who testified that their names were not signed by them to the application ; and on cross-examination they also testified, that they authorized Marvin H. Sanger, who was one of the selectmen, and whose name was also signed to the application, to sign such an application, if on examination of the case he should find it proper, in his opinion, to proceed with the application. The counsel for the defendant requested the court to charge the jury that, inasmuch as the application was not signed by the selectmen, and there was no evidence in regard to any examination of the case by Sanger, or of his opinion, it was not in conformity with the statute, and was a nullity, and that the proceedings of the court of probate, founded on the application, were void. The court instructed the jury that, inasmuch as the defendant did not, before the probate court, object to the application on this ground, and inasmuch

as the appointment by the probate court remained unappealed from, it could not be treated as void, but must be regarded as a valid appointment.

The counsel for the defendant further requested the court to charge the jury as follows:—" It being proved and admitted that the assault which is charged in the complaint was made in the dwelling-house of the defendant, and in which he was when the conservator entered the same, and that the conservator opened· the outside door and entered the house without knocking or making request, and without the permission of the defendant, and that the defendant requested the conservator to leave the house, the conservator, refusing to go, remained in the house after the request in his own wrong, and the defendant was justified by the law in using sufficient force to remove him therefrom." The court did not so instruct the jury, but charged them that it was the duty of the conservator , under the statute, to take charge of the person and property of his ward, and to, make an inventory and take care of his property ; that in the performance of these duties he was bound to proceed reasonably, and to use no unnecessary force or violence, but that no rule of law required him to obtain the permission of his ward before entering his dwelling-house ; yet that circumstances might be such that it would be rude and unreasonable for him to enter without knocking, and that it was for the jury to say whether there was anything unreasonable in the manner in which the conservator exercised his powers.

The jury having found the defendant guilty, he moved for a new trial for error in the rulings and charge of the court.

*Tyler*, in support of the motion.

1. A conservator legally appointed has undoubtedly the right and is bound to make an inventory of the property of the ward ; but he must do it in a peaceable and lawful manner. He has no right to force an entrance into the dwelling-house of the ward. He would be bound in the first place to make known his business, then to show his appointment, and finally to ask admittance for the purpose of executing the trust. If

refused, perhaps he might then be justified in a resort to force. But without request he has no right of entry at all. If he has even gained admission without consent, it would be his duty to leave upon request, and thus place himself *in statu quo ante ingressionem.* Even a sworn public officer can not by force enter a dwelling-house to secure a debt by attachment. The dwelling-house of every man is his castle against the sworn officers of the law, and much more against a mere conservator. 1 Swift Dig., 592. *Watkins* v. *Blake,* 6 Am. Law Rep., (1843,) 510. The appointment of a conservator is almost always, and certainly was in this instance, a proceeding *in invitum,* entirely without the consent and against the mind of the ward.

2. The proceedings in this case are in form criminal, and the records of the court of probate should not have been admitted in evidence. They had relation to a civil suit, and were between other and different parties. But if admissible they were not conclusive. *Sears* v. *Terry,* 26 Conn., 273. The facts may be shown, and by them it appears that the whole proceeding was null and void, because that court had no jurisdiction of the process. The selectmen, who are represented by the petition as the applicants, never signed the petition, while the statute is express that the petition " shall be signed by the persons preferring the same." Rev. Stat., tit. 25, § 2. The requirements of the statute not having been complied with, the defect is fatal and the whole proceeding void. The court of probate being a court of limited jurisdiction, and having only statutory authority in the matter, could have no jurisdiction except upon a proceeding instituted in precise accordance with the statute. The power to make application in such a case is given to the selectmen by statute, and when they make the application it is an official act and must be performed by them individually, for it is a delegated power which could not be delegated by them. This would be so were the terms of the statute less explicit than they are, but is clearly so in view of the express provision that the application " shall be signed by the persons preferring the same." Further, it is not found that there was any service of

the application on the respondent. This fact must have been expressly found by the probate court. *Hutchins* v. *Johnson*, 12 Conn., 376. This omission takes away the jurisdiction of the court and makes the whole proceeding void.

*Carpenter*, state attorney, contra.

HINMAN, J. On the trial of this case it became material for the prosecution to show that the assaulted party, Mr. Benjamin E. Palmer, was the conservator of the person and estate of the defendant, and entered his dwelling-house as such, with appraisers, for the purpose of making an inventory. To prove that he was such conservator the record of his appointment was shown in evidence, against the defendant's objection. It is said the record was not between the same parties, which is undoubtedly true, and would be an objection if it was offered to prove a disputed fact, supposed to be settled by it, in respect to the parties to it or their privies, who alone are bound by it. But that was not the object here. The question whether Mr. Palmer was the defendant's conservator was wholly collateral to the issue on trial, like the conviction of a witness, which might be shown for the purpose of affecting his credit; and such conviction, when it thus becomes important, may of course be shown by the record of the conviction, though the parties to it were different from those in the case in which the witness testifies. The superior court was clearly right therefore on this point.

But again, it is said that the appointment of the conservator by the probate court was a nullity, because the application to that court was not in fact signed by all of the selectmen, but only by one of them, he affixing thereto the names of his associates. We think the ruling of the superior court was correct on this point. The application to the court was correct in point of form. It appeared to be regularly signed by the selectmen. It was regularly served upon the defendant, and the court had jurisdiction of the subject matter of the process and of the parties. Suppose that the defendant had appeared and waived all exception on this ground, either expressly or

by neglecting to make the objection, most clearly the judgment would bind him. But the omission to appear and make the objection is equally a waiver of all exception to the mode of proceeding.

But the ground chiefly relied upon for a new trial is, that the court did not in its charge sanction the defendant's claim, that as the conservator entered the house without permission, and did not leave on request, he was there in his own wrong, and the defendant was justified in using sufficient force to remove him. By statute, the conservator is bound after his appointment forthwith to make a perfect inventory of the ward's estate and lodge the same with the court of probate. As he has also the care and management of this estate, and is bound to manage it with care and skill, and is liable for any neglect of duty, he must of course have all the powers necessary to enable him to do this. The appointment is based upon the idea that the ward is incapable of managing his property, and that the management needs to be placed in the hands of a conservator, as trustee. It would seem therefore more properly to belong to him to give permission to his ward to enter upon the property and use it, than to be his duty to ask such permission of the ward when an entry on the property, or the possession of it, becomes necessary for any purpose connected with the discharge of his duty as conservator. There is no analogy between the condition of a conservator and that of an officer who is about to enter a dwelling house for the purpose of making an attachment. The analogy is more perfect between him and an officer who has already attached and has the property of a debtor in his custody. We are clearly of opinion therefore that the instruction asked for would have been erroneous had it been given, and consequently the superior court was correct in refusing it.

We therefore do not advise a new trial on any of the grounds on which it is claimed.

In this opinion the other judges concurred.

New trial not advised.