PAUL ZANONI ET AL. *v.* RICHARD E. PIKOR ET AL.
(12722)

LAVERY, LANDAU and HENNESSY, Js.

Argued September 20—decision released October 25, 1994

*Paul Zanoni,* pro se, the appellant (named plaintiff).

*Paul M. Cramer,* with whom, on the brief, was *Vincent F. Sabatini,* for the appellees (defendants).

LANDAU, J. This is an appeal from the judgment of the Superior Court that followed the granting of a motion to strike Paul Zanoni as a party plaintiff from the appeal to that court from two decrees entered by the Probate Court in the district of Newington.

A walk down the somewhat worn factual and procedural path is helpful. Rosalie Zanoni and Paul Zanoni appealed from two decrees of the Probate Court with regard to the estate of Helen Benny. Rosalie Zanoni, daughter of the decedent, is the devisee of the estate's only assets. Paul Zanoni is not a relative, beneficiary, devisee, or creditor of the Benny estate. On March 27, 1991, Rosalie Zanoni was removed as executrix of the estate and Richard Pikor was appointed administrator de bonis non cum testamento annexo (d.b.n.c.t.a.) of the Benny estate. Pikor served in that capacity continuously until December 1, 1992, when the Probate Court accepted his resignation. On that date, the Probate Court appointed Karen Renzulli Lynch as successor administratrix d.b.n.c.t.a. of the estate and denied the plaintiffs' application for removal of Pikor for cause.

In December, 1992, Rosalie Zanoni and Paul Zanoni filed an appeal in the Superior Court contesting the actions of the Probate Court. On April 26, 1993, Lynch filed a motion to strike Paul Zanoni as a party plaintiff on the ground of misjoinder.[1] That court found, after a hearing in which Paul Zanoni acknowledged that he did not file a claim against the estate, that Paul Zanoni was not a creditor of the estate. It further found that Paul Zanoni had no legal interest in the appeal, that he was not aggrieved within the meaning of General Statutes § 45a-186,[2] and therefore was not a proper party to the appeal. On August 5, 1993, Paul Zanoni appealed that judgment of the Superior Court. Subsequently, while the appeal was pending in this court, judgment was rendered for the defendants in the underlying action.

The remedy for misjoinder of parties is by motion to strike and the trial court appropriately considered it. Practice Book § 198. Because, however, the underlying action no longer is pending, the appeal has been rendered moot. The relief sought in that action was denied by the judgment for the defendants. No appeal was taken from that judgment. " '[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' " *Jones* v. *Ricker,* 172 Conn. 572, 576, 375 A.2d 1034 (1977), quoting *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944); *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 452, 352 A.2d 291

---

[1] Lynch also challenged the probate appeal on the ground that the appeal was legally deficient because it appealed two separate Probate Court decrees. The Superior Court denied that part of the motion to strike. That ruling is not challenged in this appeal.

[2] General Statutes § 46a-186 provides in pertinent part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom . . . ."

(1974); *Gormley* v. *Panuzio,* 166 Conn. 1, 3, 347 A.2d 78 (1974). Because no practical relief can follow the determination of the issue raised, we will not decide it.

The appeal is dismissed.

In this opinion the other judges concurred.