[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTIONS TO STRIKE NO. 113 AND NO. 115
On April 24, 1995, the plaintiffs, Leslie Srager and Joan Srager, filed a five-count complaint against a number of defendants.[1] In the first count, the plaintiffs allege that the defendants, Elliot, Evelyn and Kenneth Koenig (the Koenigs) violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 et seq. (CUTPA). The other counts allege tortious interference with a contractual relationship or violations of CUTPA against the other defendants. On July 6, 1995, the Koenigs filed a motion to strike the first count on the grounds of misjoinder of causes of action and misjoinder of party defendants and a memorandum in support of the motion.[2] On August 3, 1995, the plaintiffs filed an objection to the motion to strike.
A motion to strike is the proper procedure for a party to CT Page 13224 contest "the joining of two or more causes of action which cannot properly be united in one complaint. . . ." Practice Book § 152(4); see also Antonucci v. Sansone, 4 CSCR 598 (July 10, 1989, O'Connor, J.); Morande v. Lee, 4 CSCR 579 (June 27, 1989, Schaller, J.). "The exclusive remedy for misjoinder of parties is by motion to strike." Practice Book § 198; Zanoni v. Pikor,36 Conn. App. 143, 145, 648 A.2d 892 (1994).
Citing General Statutes § 52-97, the Koenigs argue in their memorandum in support of the motion to strike that "[s]ince counts two through five of the complaint in this action do not affect the [Koenigs], there are both misjoinder of causes of action and misjoinder of parties presented by the allegations in count one."
General Statutes § 52-97 provides that several causes of action may be united in the same complaint. It further states:
 The several causes of action so united shall all belong to one of these classes, and. . . shall affect all the parties to the action, and not require different places of trial, and shall be separately stated; and, in any case in which several causes of action are joined in the same complaint, . . . if it appears to the court that they cannot all be conveniently heard together, the court may order a separate trial of any such cause of action or may direct that any one or more of them be expunged from the complaint.
There is no clear reason articulated by the Koenigs as to why the parties and causes of action cannot be joined in the same case. The claims alleged in the complaint arise from an allegedly fraudulent real estate transaction involving the named parties. General Statutes § 52-97 does not bar count one from remaining in the action. Accordingly, the motion to strike is denied.
BY THE COURT
MAIOCCO, J.