PAUL ZANONI ET AL. *v.* PAUL HUDON ET AL.
(14344)

Dupont, C. J., and O'Connell and Spear, Js.

Argued April 24—officially released July 2, 1996

*Paul Zanoni*, pro se, with whom, on the brief, was *Rosalie Zanoni*, pro se, the appellants (plaintiffs).

*Karen L. Murdoch*, with whom was *Ken Ian*, certified legal intern, for the appellee (named defendant).

O'CONNELL, J. This is a trespass action in which the plaintiffs, Rosalie Benny Zanoni (Rosalie) and Paul Zanoni, appeal from a judgment for the defendant Paul Hudon, rendered after a trial to the court. The plaintiffs claim that the trial court improperly (1) allowed the administrator d.b.n.c.t.a. to withdraw from the case,

(2) concluded that the plaintiffs could not maintain a trespass action against the defendant, (3) failed to hold the defendant liable for trespass after August 7, 1989, and (4) failed to determine who owned the property at issue between August 7 and September 25, 1989. We affirm the judgment of the trial court.

The following facts are necessary to resolve this appeal. On February 1, 1989, the Probate Court for the district of Newington appointed the defendant to be the conservator of the estate of Helen Benny who at that time was residing in a nursing home in Massachusetts. Benny's daughter Rosalie and her husband, Paul Zanoni, are the plaintiffs in this action.[1] Benny's conservatorship estate consisted of real property in Wethersfield and Old Lyme. The Old Lyme property, a summer residence, which has been used by various members of the Benny family over the years, is the subject of this action. The plaintiffs had visited the Old Lyme property on weekends and performed numerous maintenance tasks on it.

As conservator, the defendant determined that it was necessary to sell the Old Lyme property to generate income for Benny's care and outstanding debts. As part of his duties, the defendant changed the locks on the property to secure it for sale. The plaintiffs were thus excluded from the property.

Benny died on August 7, 1989. In her will, Benny devised the Old Lyme property to Rosalie and also nominated her to be the executrix. In early September, 1989, the defendant delivered the keys to the Probate Court. Rosalie was formally approved as executrix on September 25, 1989, at which time the Probate Court gave her the keys to the Old Lyme property.

---

[1] Other parties originally named as defendants have been dropped and are not involved in this appeal. Accordingly, as used in this opinion the term defendant refers only to Paul Hudon.

The plaintiffs brought this action for trespass quare clausum fregit[2] against the defendant individually for alleged dispossession of their property rights in the Old Lyme property. Additional facts are included in the discussion of individual claims.

I

The plaintiffs brought this action in their own names and also in the name of Richard Pikor, who had been appointed administrator, d.b.n.c.t.a.[3] In accordance with Practice Book § 152, Pikor moved that he be stricken as a coplaintiff because he had been so named without his consent and had no desire to initiate this action or to be a party, either individually or in his fiduciary capacity.

The plaintiffs cite no authority, and we are unaware of any, that permits a person to be compelled to be a plaintiff in a lawsuit. The plaintiffs have alleged that the defendant's trespass infringed on their property rights, but this alleged trespass occurred long before Pikor was appointed as administrator d.b.n.c.t.a. Accordingly, Pikor has been improperly joined as a party plaintiff. Naming an improper person as a party in a legal action constitutes misjoinder. *Hartford* v. *Local 308*, 171 Conn. 420, 429, 370 A.2d 996 (1976). The exclusive remedy for misjoinder of parties is by motion to strike. Practice Book § 198. The trial court

[2] "[The term trespass quare clausum fregit is] no longer used in the Connecticut Courts and today the term 'trespass' is generally understood as referring to trespass to land." D. Wright, J. FitzGerald & W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 4.

[3] The record does not disclose when, or the circumstances under which, Rosalie Zanoni ceased to be the executrix, resulting in the appointment of an administrator d.b.n.c.t.a. We note, however, that *Zanoni* v. *Pikor*, 36 Conn. App. 143, 144, 648 A.2d 892 (1994), recites that on March 27, 1991, Rosalie was removed as executrix of the estate and Richard Pikor was appointed administrator d.b.n.c.t.a.

therefore properly granted Pikor's motion to strike him as a plaintiff.[4]

## II

The plaintiffs next complain that the trial court improperly concluded that they had no basis to bring this trespass action. To maintain an action for trespass, a plaintiff must show either title to the property or actual exclusive possession. *Bernardo* v. *Hoffman,* 109 Conn. 158, 161, 145 A. 884 (1929). It is undisputed that Benny was the sole titleholder to the property until her death. In a thorough and detailed memorandum of decision, the trial court expressly found that although the plaintiffs made weekend visits to the property and performed numerous maintenance tasks, these actions did not rise to the level of exclusive possession. "The factual findings of a trial court on any issue are reversible only if they are clearly erroneous. . . . This court cannot retry the facts or pass upon the credibility of the witnesses." (Citations omitted; internal quotation marks omitted.) *Rosick* v. *Equipment Maintenance & Service, Inc.,* 33 Conn. App. 25, 40, 632 A.2d 1134 (1993). We conclude that the trial court's finding that the plaintiffs could not demonstrate either title to or exclusive possession of the Old Lyme property is not clearly erroneous.

The plaintiffs allege that Rosalie's "vested future interest in the premises . . . . [b]y virtue of the will" and the plaintiffs' "contingent interest in the premises acquired through providing maintenance and improvements to the property" allow them to maintain this trespass action. These pro se plaintiffs have handled this case in its entirety without benefit of counsel. In so doing, they have misused established legal terminology to describe their perceived interests in the property.

---

[4] A subsequent motion to make Pikor a party defendant was denied by the trial court. No appeal has been taken from that decision.

Rather than engage in discussion of the law of future and contingent interests, we simply note that an expectancy of an inheritance is not a future interest and one does not acquire a contingent interest in real property by providing maintenance and improvements on it.

The plaintiffs also contend that Rosalie acquired a present interest in the Old Lyme property because Benny's will nominated her to be the executrix. "Essentially, a will is a declaration of the testator's intention as to what shall take place after his death in reference to property left by him. One distinguishing feature of such an instrument is that it has no binding effect during the life of the testator, and is intended to operate only upon and by reason of his death. A will *does not confer any present right at the time of its execution. . . . Nothing vests by reason of such an instrument during the life of the testator.*" (Emphasis added.) 79 Am. Jur. 2d, Wills § 7 (1975).

Rosalie did not acquire a present interest in the Old Lyme property through an expectancy of inheritance or through a nomination to be the executrix. Accordingly, Rosalie had neither title nor possession upon which to base an action for trespass.

The plaintiff Paul Zanoni lacks even an illusory claim to bring a trespass action. He is not a relative, beneficiary, devisee or creditor of the Benny estate. See *Zanoni* v. *Pikor*, 36 Conn. App. 143, 144, 648 A.2d 892 (1994). He is, in legal parlance, a stranger to the proceeding. As such, he has no standing to bring this action.

Additionally, the defendant was a duly appointed conservator pursuant to General Statutes § 45a-650.[5] A conservator's duties require him to inventory and to manage

[5] General Statutes § 45a-650 (c) provides in relevant part: "If the court finds by clear and convincing evidence that the respondent is incapable of managing his or her affairs then the court shall appoint a conservator of his or her estate. . . ."

the real estate of his ward. General Statutes § 45a-655.[6] In order to carry out his duties, it was necessary that he enter the Old Lyme property. See *State* v. *Hyde*, 29 Conn. 564, 569 (1861). If a person has a right to enter upon the property, there can be no trespass. See *Kellogg* v. *Robinson*, 32 Conn. 335, 342 (1865).

Because the plaintiffs were not the titleholders nor were they in exclusive possession of the property and because the defendant, as a conservator, had a right to enter upon the property, the trial court correctly concluded that the plaintiffs had no basis to bring the action for any acts prior to the death of Benny.

### III

The plaintiffs next argue that the trial court improperly failed to hold the defendant liable for trespass during the period after Benny's death on August 7, 1989, and before approval of her will on September 25, 1989. Because Rosalie had been named as executrix in Benny's will, she argues that the defendant's failure to give her the keys immediately upon her mother's death constituted a trespass. See part II.

Although title to real estate passes upon death, real property remains under the control of the Probate Court until all charges and debts of the decedent and the estate have been paid. *Satti* v. *Rago*, 186 Conn. 360, 365, 441 A.2d 615 (1982); *O'Connor* v. *Chiascione*, 130 Conn. 304, 306, 33 A.2d 336 (1943). Rosalie, as a devisee, had no right of possession until the estate was settled. As executrix, Rosalie had no right of possession until

---

[6] General Statutes § 45a-655 (a) provides in relevant part: "A conservator of the estate . . . shall, within two months after the date of his or her appointment, make and file in the court of probate, an inventory under oath of the estate of his or her ward. . . . The conservator shall manage all the estate and apply so much of the net income thereof, and, if necessary, any part of the principal of the property, which is required to support the ward . . . ."

the will was admitted to probate and she was approved by the court. *Murdoch* v. *Murdoch,* 81 Conn. 681, 686, 72 A. 290 (1909)

A conservatorship automatically terminates with the death of the ward. *Kleinman* v. *Marshall,* 192 Conn. 479, 483, 472 A.2d 772 (1984). In this case, the defendant's conservatorship ended before Rosalie was approved as executrix. Because Rosalie did not have a right to possess the Old Lyme property at the time of Benny's death, the defendant took the only reasonable course open to him and turned over the keys to the Probate Court. We conclude that his refusal to release the keys to Rosalie directly was proper, and that no action in trespass can be maintained against him for the period between Benny's death and the approval of her will by the Probate Court.

IV

The plaintiffs finally complain that the trial court failed to determine the ownership of the property between August 7 and September 25, 1989.

These pro se plaintiffs have had extensive exposure to trial and appellate procedure through other cases in which they have participated. See *Hudon* v. *Zanoni,* 220 Conn. 930, 599 A.2d 382 (1991); *Cross* v. *Hudon,* 42 Conn. App. 59, 677 A.2d 1385 (1996); *Zanoni* v. *Pikor,* 36 Conn. App. 143, 648 A.2d 892 (1994); *Zanoni* v. *Saint Patrick's Manor,* 27 Conn. App. 919, 608 A.2d 106 (1992); *Cross* v. *Hudon,* 27 Conn. App. 729, 609 A.2d 1021 (1992).[7] "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Lemoine* v. *McCann,* 40 Conn. App. 460, 465, 673 A.2d 115 (1996). The plaintiffs failed to

---

[7] The plaintiffs have also been pro se litigants in Massachusetts.

comply with the rules of practice by failing to seek an articulation from the trial court on its failure to determine the ownership of the property between August 7 and September 25, 1989, and we will not consider the claim. Practice Book §§ 4051, 4061.

The judgment is affirmed.

In this opinion the other judges concurred.