[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115) OBJECTION TO MOTION TOSTRIKE (#117)
On February 19, 1997, the plaintiff, Shantell Fields, filed a second amended complaint containing twenty-four counts against multiple defendants. The plaintiff alleges, among other things, that both her son and she received injuries when falling from a second floor porch. Several of the defendants: City of Stamford; Andrew McBride (Director of the Health Department of the City of Stamford); and Barry Callahan (Fire Marshall) (hereinafter "the defendants");[1] collectively filed a motion to strike counts thirteen through sixteen and nineteen through twenty-two on the ground that pursuant to General Statutes § 52-557n (b)(8), the "defendant's cannot bed held liable for damages, based on the allegations contained in [those] counts." (Defendants' motion.) The defendants also moved to strike either counts ten through twelve or counts thirteen through twenty-four on the ground of improper joinder. The plaintiff has filed a memorandum in opposition to the motion to strike.
COUNTS THIRTEEN THROUGH SIXTEEN
Counts thirteen through sixteen sound in negligence against the defendants McBride and the City of Stamford. The plaintiff relies specifically on General Statutes § 52-557n (b)(8) in making her claims against these defendants.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can bed granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, ___ A.2d ___ (1997). The role of the trial court is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, U.S., 117 S.Ct. 1106, 137 L.Ed.2d 308
(1997). CT Page 9267
The plaintiff's and the defendants' memoranda both rely solely on the language of the statute. General Statutes §52-557n (b) states in relevant part: "[A] political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not bed liable for damages to person or property resulting from . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property . . . to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances." In short, in order for an action to bed maintained against the defendants, the plaintiff must allege that the City of Stamford had notice of the condition that caused the plaintiff's injuries. Otherwise, the plaintiff must plead that the failure of the defendants to properly inspect the premises was "a reckless disregard for the health and safety" of the plaintiff.
In the present case, the plaintiff has alleged facts stating that the "political subdivision" (the defendant, City of Stamford) had notice of the condition causing her injuries. Paragraph 15(b) of count thirteen states: "Although [defendant McBride] knew of the violations which existed at the dwelling . . . he failed to make reinspections. . . ." Paragraph fourteen of the same count states that "on or about August 14, 1989, the [d]efendant, Andrew McBride, issued a notice of violation to the owner or agent of the [subject premises], citing" the defect to the porch.
"When an agent acting within the scope of his authority obtains knowledge of a fact relevant to the transaction in which he is engaged, ordinarily that knowledge is imputed to his principal. The knowledge of the agent is the knowledge of the principal." Ford v. City of West Haven, Superior Court, judicial district of Ansonia/Milford at Milford, Docket no. 051003 (Jan. 17, 1996, Skolnick, J.). Therefore, the City of Stamford would have had notice of the condition complained of by way of defendant McBride.
Since the plaintiff has pleaded that the defendants had the requisite notice, she has pleaded facts sufficient to maintain a cause of action against the defendants. CT Page 9268
The defendants argue that the plaintiff fails to plead whether the defendants had "actual notice of the continuing existence of the violation claimed to cause the accident." (Defendants' memorandum, p. 3.) This, however, is not what the statute requires. General Statutes § 52-557n requires only that the political subdivision have notice of the condition complained about. There is no heightened requirement of "actual notice of the continuing existence" of the condition complained about. As such, the defendants' arguments are unpersuasive.
Count fourteen alleges an identical claim against McBride brought on behalf of the plaintiff's son. Therefore, the count remains for the same reasons. Counts fifteen and sixteen allege negligence against the City of Stamford since the negligence allegedly committed by McBride "was committed while he was acting within the scope of his employment or official duties." (Complaint, count fifteen, ¶ 15.) Since the notice requirement was alleged, as already discussed above, the motion to strike these counts is denied.
COUNTS NINETEEN THROUGH TWENTY-TWO
Counts nineteen through twenty-two sound in negligence against Fire Marshall Barry Callahan. Here, however, the plaintiff does not allege that the City of Stamford had notice of the condition at the demised premises. The notice pleaded in the other counts is not made a part of counts nineteen through twenty-two.
Under General Statutes § 52-557n (b)(8), if the "political subdivision" has not been given proper notice, the plaintiff must plead that the failure of the defendant to properly inspect the premises was "a reckless disregard for the health and safety" of the plaintiff.
In the present case, the plaintiff does not plead "reckless disregard". In the absence of an allegation that defendant Callahan had notice or acted in reckless disregard for the plaintiff's safety, counts nineteen through twenty-one must bed stricken from the complaint.
The plaintiff argues that these counts should bed "read broadly and realistically, especially in conjunction with the other counts of the complaint." (Plaintiff's memorandum, p. 6.) CT Page 9269 Further, the plaintiff cites to law stating that "[i]t is not necessary to the sufficiency of a complaint alleging a statutory cause of action that the precise terms of the applicable statute bed either counted upon or recited. . . ." (Citation omitted.) (Plaintiff's memorandum, p. 6.) Here, however, not only are the precise terms of the statute missing, there is no allegation whatsoever that the defendant acted in reckless disregard for the health and safety of the plaintiff.
Therefore, the motion to strike counts nineteen through twenty-two is granted.
COUNTS TEN THROUGH TWELVE
The defendants also move to strike counts ten through twelve on the ground that those claims "have absolutely nothing to do with the claims directed to the City of Stamford, [defendant] McBride, or Fire Marshall Callahan.[2] Count ten sounds in conversion against the plaintiff's landlord. The plaintiff alleges that she "attempted unsuccessfully to retrieve her personal property and personal effects from the [p]remises." (Complaint, count ten, ¶ 6.) Count eleven alleges theft on the same basis against that same defendant. And, count twelve is seeking the return of rental payments and other damages for constructive eviction. In the constructive eviction count, the plaintiff alleges that following the accident, the premises were condemned as "unfit for human habitation," causing her to bed forced to live in a motel room for ten months.
"The exclusive remedy for misjoinder of parties is by motion to strike." Zanoni v. Hudson, 42 Conn. App. 70, 73, 678 A.2d 12
(1996); see also Practice Book § 198.
"Practice Book § 133 permits joinder of claims when such claims arise from the same factual transaction." Ceci Brothers v.Five Twenty-One Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket no. 150073 (Jan. 24, 1997, Hickey, J.). See Practice Book § 133.
In the present case, the claims alleged in counts ten, eleven and twelve are not directly connected to the factual transaction giving rise to the claims against the moving defendants. Specifically, counts ten through twelve arise out of events following the alleged fall and injuries to the plaintiff. These events in no way involve the defendants seeking to strike the CT Page 9270 counts. As such, counts ten through twelve are not properly joined in this complaint. Therefore the motion to strike counts ten through twelve is granted.
In summary, the motion to strike counts ten through twelve and nineteen through twenty-two is granted. The motion to strike counts thirteen through sixteen is denied.
KARAZIN, J.