[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12029 RE: MOTION TO STRIKE
The Town of Fairfield moves to strike the third party action against it filed by Lumbermens Mutual Casualty Company on the ground that Fairfield was misjoined in the action and relief should be granted pursuant to § 52-108 of the General Statutes.
Fairfield argues that it is already a named defendant in a consolidated action in which its rights and obligations will be adjudicated and it should not be forced to defend itself and incur legal fees in a second action involving the same issues. Fairfield also argues that, since the third party complaint is a complaint for a declaratory judgment and the consolidated cases are negligence cases in which the plaintiff is claiming uninsured motorist benefits, there is no issue that properly may be the subject of a declaratory judgment in the second action.
Lumbermens argues that if Benedetto settles with Fairfield, and Fairfield withdraws from the consolidated action, the court will have no opportunity to establish Fairfield's rights or liabilities. Lumbermens a determination in a consolidated action affects only the parties to the case designated with a particular docket number. Lumbermens argues that, by joining Fairfield as a third party defendant in the present action, all parties with an interest in the controversy will be affected by consistent rulings, which might not be the case in the consolidated action. Lumbermens further argues that it has a right to protect its own interests and assert its own claims directly against Fairfield. Finally, Lumbermens argues that, if the third party complaint is stricken, the plaintiff will very likely bring another, independent action for a declaratory judgment against Benedetto and Fairfield to accomplish the same objective.
"Naming an improper person as a party in a legal action constitutes misjoinder." Zanoni v. Hudon, 42 Conn. App. 70, 73,678 A.2d 12 (1996). Section 52-108 of the General Statutes provides that "parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require." "The exclusive remedy for misjoinder of parties is by motion to strike." Zanoni v. Hudon, supra, 42 Conn. App. 70.; see also Practice Book § 11-3.
On October 26, 1998, the court granted Lumbermens' motion to cite-in Fairfield as a third party defendant in the above CT Page 12030 captioned action. The court determined that granting the motion would not unduly delay the trial of the action or work an injustice to the plaintiff or to Fairfield. This court agrees with the prior court's decision. Accordingly, this court denies the motion to strike.
NADEAU, JUDGE