[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (#101)
In a complaint dated September 2, 1999, the plaintiffs, Herbert and Beatrice Gershberg, brought an action sounding in misrepresentation, nondisclosure, negligence, and violations of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110b et seq. (CUTPA), against defendants, Glenna Frederica Kean (Kean), Lorna Christina Cleveland (Cleveland), Riverside-Shavell Realty, Inc., William Raveis Real Estate, Inc., and Brian McHugh d/b/a McHugh Building Inspections and McHugh Construction, Inc. The plaintiffs allege the following pertinent facts: on August 14, 1997, defendant Kean, in her capacity as executrix of the will of her mother, Lillian Patricia Lewis (Lewis), entered into a real estate purchase and sales agreement with the plaintiffs to sell them a condominium unit (the unit) in Westport for $480,000. On September 12, 1997, the purchase and sale of the unit closed and the plaintiffs paid Kean in her capacity as executrix, the sum of $480,000.[1] The plaintiffs spent time renovating the unit and ultimately, moved into the unit on April 14, 1998. On July 20, 1998, Lewis' estate was closed and estate assets, including the proceeds from the sale of the unit, were distributed to the beneficiaries.
Shortly after the plaintiffs took occupancy of the unit, they became aware of a foul odor emanating from the front bathroom and subsequently, became ill. The plaintiffs allege that their illness was and is caused by exposure to indoor air pollution at the unit which includes the aforementioned foul odor as well as other air pollutants. Since June 15, 1998, the plaintiffs have been treated by physicians for personal injuries resulting from exposure to the air inside the unit. Subsequently, the plaintiffs learned that their unit was located adjacent to a long buried landfill. As a result, the entire condominium complex is undergoing environmental investigation. Besides their continued medical treatment, the plaintiffs have been required to pay for environmental testing and remediation of air pollution conditions in their unit and will be required to continue to do so in the future. Consequently, the plaintiffs allege that the marketability and resale value of their unit "has been impaired may be impaired in the future and may be permanently impaired." Furthermore, the plaintiffs allege that defendant Cleveland is also Lewis' daughter and a beneficiary under Lewis' will. The plaintiffs allege that when the estate was closed, estate assets, including the sale proceeds of the unit, were distributed equally to both Kean and Cleveland CT Page 9213 and each received $268,060.59 in assets.
On November 22, 1999, Cleveland, a resident of the United Kingdom, moved to dismiss the "plaintiff's" action as to her on the ground that the court lacks personal jurisdiction over her under General Statutes § 52-59b, Connecticut's long-arm statute.[2] Furthermore, Cleveland argues that even if the court finds that the requirements of General Statutes § 52-59b are met, personal jurisdiction is still improper over her as it would offend her constitutionally protected due process rights. The plaintiffs respond that Cleveland's ownership of interest in the unit properly subjects her to suit under General Statutes § 52-59b
(a)(1) and (a)(4).[3]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Internal quotation marks omitted.) Olson v. Accessory Controls Equipment Corp.,54 Conn. App. 506, 515, 735 A.2d 881 (1999), aff'd on other grounds,254 Conn. 145, 757 A.2d 14 (2000). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
"When a defendant files a motion to dismiss challenging the court's jurisdiction [over a person], a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., 236 Conn. 602,606, 674 A.2d 426 (1996). "If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Id., 607. When adjudicating a motion to dismiss where no evidentiary hearing has been requested by the parties, the court accepts "all undisputed factual allegations . . . [when] determining whether the [plaintiff has] sustained [its] burden of proving that the court has personal jurisdiction . . ." Id., 608-09. CT Page 9214
First, the court will examine whether the requirements of General Statutes § 52-59b (a)(1) or (4) are met so as to assert personal jurisdiction over Cleveland. Cleveland argues that the plaintiffs allege that as a beneficiary of her deceased mother's estate, she received a distribution from the estate. Cleveland contends that the plaintiffs do not allege that she owned, used, or possessed the unit and that the allegations in the complaint state only that the unit was owned by the estate and sold by Kean, as executrix. Consequently, Cleveland argues that she does not meet the requirements under General Statutes § 52-59b
(a)(4) as she does not own, use or possess any real property situated within Connecticut.
The plaintiffs respond that, as title to real property vests immediately in a beneficiary upon the death of the testator, Cleveland's ownership of interest in the unit subjects her to personal jurisdiction in this action. The plaintiffs argue that the complaint alleges that the sale was made by Kean, as executrix, and that Cleveland received a portion of the proceeds of the sale. Consequently, the plaintiffs contend that Cleveland's share in the unit had vested. Furthermore, the plaintiffs argue that as the unit is the subject matter of this action, then personal jurisdiction over Cleveland is appropriate.
"Title to real property passes upon death to the heirs of the owner subject to the right of administration." Satti v. Rago, 186 Conn. 360,365, 441 A.2d 615 (1982); see also Kerin v. Stangle, 209 Conn. 260, 267
n. 7, 550 A.2d 1069 (1988); Zanoni v. Hudon, 42 Conn. App. 70, 76, 678
A.2d present case, the court finds that the plaintiffs allege in their complaint that Cleveland is a beneficiary and recipient of distributions under Lewis' will. As such, Cleveland possessed title to the unit upon Lewis' death. Furthermore, since the subject matter of this action is based on the sale of the unit, the claim arises from Cleveland's ownership of real property, and therefore, the jurisdictional requirements under General Statutes § 52-59b (a)(4) are met. SeeCity of Milford v. Sheehan, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 1064178 (December 23, 1998,Curran, J.T.R.). However, the court does not find that the requirements of General Statutes § 52-59b (a)(1) are met since there is no allegation that Cleveland was involved in any purposeful transaction of business in Connecticut.[4] See Zartolas v. Nisenfeld, 184 Conn. 471,474, 440 A.2d 179 (1981) ("We construe the term transacts any business to embrace a single purposeful business transaction.")
Next, the court will address the due process prong of the jurisdictional inquiry. Cleveland argues that even if the requirements under the long-arm statute are met, that personal jurisdiction is improper over her as it offends her due process rights. Cleveland CT Page 9215 contends that the plaintiffs' complaint fails to demonstrate that she has sufficient minimum contacts with Connecticut so as to subject her to suit in the state. The plaintiffs respond that Cleveland owned the unit and benefitted from its sale. Consequently, the plaintiffs conclude that Cleveland has sufficient minimum contacts with Connecticut, and it is proper for this court to exercise personal jurisdiction over Cleveland in this matter.
In addressing the due process prong of the analysis, the court must determine whether a nonresident defendant has certain "minimum contacts . . . such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.'" International Shoe Co.v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co. v.Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985). In determining foreseeability, "it is the totality of the defendants conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." (Internal quotation marks omitted.) Thomason v. Chemical Bank, 234 Conn. 281, 291, 661 A.2d 595
(1995). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (Internal quotation marks omitted.) Burger KingCorp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985). "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts . . . or of the unilateral activity of another party or a third person. . . . Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State." Id., 475. "[A] determination of whether sufficient minimum contacts with Connecticut exist is a fact question." Standard Tallow Corp. v. Jowdy,190 Conn. 48, 56, 459 A.2d 503 (1983).
In the present case, defendant Cleveland is a resident of the United Kingdom who is a beneficiary under her mother's will, and through that circumstance alone, attained title to a Connecticut condominium unit. While the plaintiffs argue that Cleveland participated in the sale, the court finds that Cleveland's connection to the sale of the unit is a result of a random and remote contact. See Burger King Corp. v.Rudzewicz, supra, 471 U.S. 475. The sale of the unit was accomplished through the actions of another party, Kean, as the deed given to the plaintiffs is an executor's deed signed only by Kean in her capacity as executrix and on behalf of the estate. (Cleveland's reply, Exh. A.) CT Page 9216 Moreover, there are no allegations by the plaintiffs that Cleveland had any physical contacts with the state or any conversations or dealings with the plaintiffs in relation to the sale of the unit. Indeed, although an heir to the property. Cleveland had no right of possession until her mother's estate was settled. Zanoni v. Hudon, supra, 42 Conn. App. 76. In sum, the only allegation in the complaint concerning Cleveland is that she was Lewis' heir. There is no other contact with the property, incidental or otherwise, alleged. Consequently, in examining the totality of Cleveland's connections with the state, the court finds that Cleveland does not have sufficient minimum contacts with Connecticut, and therefore, that Cleveland could not have reasonably expected to be haled into a Connecticut court. See Thomason v. Chemical Bank, supra,234 Conn. 291. While Cleveland would be subject to personal jurisdiction if that were determined solely by the language of General Statutes §52-59b, the court finds that subjecting her to jurisdiction on the basis of the de minimus contacts with Connecticut present in this case would violate due process. The plaintiffs, therefore, have not met their burden of proving the court's jurisdiction over Cleveland. See Knipple v. VikingCommunications, Ltd., supra, 236 Conn. 607. Accordingly, Cleveland's motion to dismiss the plaintiffs' complaint as to her is hereby granted.
ADAMS, J.