[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO FOR SUMMARY JUDGMENT (#119)
 Facts
The plaintiff, Phyllis Hart, filed an amended complaint on September 15, 2000. The following facts are undisputed. The defendants, John Rogers and Rita Bulford, are the plaintiff's siblings. The plaintiff resides in the state of Washington, and the defendants reside in Connecticut. Their mother, Effie Mary Pottle, executed her last will and testament on April 19, 1985. Under the will, the three children were to share equally all property other than certain property specifically bequeathed. On July 30, 1991, Pottle closed three certificates of deposit and transferred the funds to other bank accounts. By quitclaim deed dated October 24, 1994, Pottle transferred to Bulford title to certain real estate in Waterford. Pottle died on June 1, 1997. The estate was handled by an affidavit in lieu of administration. On April 18, 1998, the plaintiff received a check for $552.20 representing a one-third share of the portion of Pottle's estate not specifically bequeathed.
In her amended complaint, the plaintiff alleges a number of additional, disputed facts. The plaintiff alleges that Rogers and Bulford, by virtue of services performed for their mother and their relationship with her, had "a fiduciary relationship or a relationship of close confidence" with their mother. The plaintiff further alleges that the funds from the closed certificates deposits were transferred to two bank accounts, one owned jointly by Pottle and Rogers, and the other owned jointly by Pottle and Bulford. The plaintiff concludes that she is entitled to a one-third share of the value of the certificates of deposit and of the real property in Waterford, that the defendants have derived CT Page 14773 benefit from the property, that the transfers of the property have operated to the plaintiff's detriment, and that the transfers "were made as a result of fraud, duress, abuse of confidence, undue influence, lack of capacity, by commission of wrong, by a form of unconscionable conduct, artifice, concealment of questionable means exercised by the defendants . . . over Ms. Pottle."
The five counts of the amended revised complaint sound in unjust enrichment, violation of General Statutes § 36a-290 (joint deposit and share accounts), conversion, breach of fiduciary duty and fraud, respectively. The defendants filed an answer on November 9, 2000. The answer includes one special defense alleging that the plaintiff's claims are barred by a three year statute of limitations. On March 21, 2001, the defendants filed a motion for summary judgment on the ground that there is no genuine issue of material fact and that they are entitled to judgments as a matter of law. The defendants also filed a memorandum of law in support of their motion. On June 11, 2001, the plaintiff filed an objection[1] to the defendant's motion for summary judgment and a memorandum of law.[2]
 Discussion
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.)QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906
(2001); see Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000).
The first count of the complaint is based on a theory of unjust enrichment and constructive trust. "The elements of a constructive trust are the intent by a grantor to benefit a third person, the transfer of property to another who stands in a confidential relationship to the grantor with the intent that the transferee will transfer the property to the third person, and the unjust enrichment of the transferee if the transferee is allowed to keep the property. A constructive trust is created by operation of law when these elements are present." Gulack v.CT Page 14774Gulack, 30 Conn. App. 305, 310, 620 A.2d 181 (1993). The defendants argue that in the present case there is no evidence that the decedent transferred property to them with the intent that they transfer the property to the plaintiff. The defendants therefore claim that there is no genuine issue of material fact as to an essential element of the plaintiff's cause of action, and that they are entitled to judgment on the first count as a matter of law.
In his affidavit submitted to the court in support of the motion for summary judgment, Rogers states that he learned in 1996 that his mother had previously transferred her savings into trust accounts with herself as trustee and with Rogers and Bulford as beneficiaries. Rogers states further that his mother never advised him at any time that she intended for the plaintiff to receive any share of the funds in the trust accounts or of her real estate. Similarly, in her affidavit, Bulford states that her mother transferred title to her home in Waterford to Bulford by quitclaim deed in October 1994, and that the decedent never advised Bulford of any intention to transfer an interest in the home or the trust accounts to the plaintiff.
The plaintiff has offered no evidence, nor has the plaintiff argued in her lengthy memorandum of law, that the decedent transferred her property to the defendants with the intent of benefitting the plaintiff. Instead, the plaintiff argues that summary judgment should not be granted on the first count because the defendants were fiduciaries with respect to their mother and therefore have the burden of proving fair dealing. Our Supreme Court has held that "[o]nce a [fiduciary] relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary . . . Furthermore, the standard of proof for establishing fair dealing is not the ordinary standard of fair preponderance of the evidence, but requires proof either by clear and convincing evidence, clear and satisfactory evidence or clear, convincing and unequivocal evidence." (Internal quotation marks omitted.) Murphy v. Wakelee,247 Conn. 396, 400, 721 A.2d 1181 (1998). The existence of such a relationship, however, does not relieve the plaintiff of the burden of proving the existence of the promise or agreement forming the basis of the constructive trust. Starzec v. Kida, 183 Conn. 41, 44 n. 1, 438 A.2d 1157
(1981) and cases cited therein; Martinelli v. Jacaruso, Superior Court, judicial district of Waterbury, Docket No. 144336 (January 12, 2001,Moraghan, J.); 89 C.J.S., Trusts § 155, p. 1077. Consequently, even assuming the existence of a fiduciary relationship between the decedent and either of the defendants, the plaintiff would still have the burden of demonstrating a promise or agreement to benefit the plaintiff.
Furthermore, the ultimate burden of proof at trial does not affect the allocation of the burden with regard to a motion for summary judgment. As CT Page 14775 stated above, the party moving for summary judgment always bears the initial burden of demonstrating the absence of a genuine issue of material fact; the burden then shifts to the opposing party to produce evidence demonstrating the existence of a genuine issue of material fact. The defendants have satisfied their initial burden of demonstrating that the decedent transferred ownership of her property to the defendants without indicating an intention to benefit the plaintiff. The plaintiff must therefore produce some evidence to show that there is a genuine issue of material fact regarding the decedent's intent to benefit the plaintiff. Because the plaintiff has produced no such evidence, the defendants are entitled to judgment as a matter of law on the first count of the complaint.
The plaintiff further argues, however, that a question of intent may not be resolved by way of a motion for summary judgment. "We recognize that summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated. . . . The summary judgment rule would be rendered sterile, however, if mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion. . . . Our Supreme Court has held "that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact.' Wadia Enterprises, Inc. v. Hirschfeld,
[224 Conn. 240, 250, 618 Conn. 506 (1992)]." Reynolds v. Chrysler FirstCommercial Corp., 40 Conn. App. 725, 731-32, 673 A.2d 573, cert. denied,237 Conn. 913, 675 A.2d 885 (1996). Because the plaintiff has failed to produce any evidence demonstrating the decedent's intent to benefit the plaintiff by transferring her property to the defendants, the defendants are entitled to summary judgment on the first count of the complaint.
The second count of the complaint attempts to state a cause of action pursuant to General Statutes § 36a-290, which concerns the right of survivorship in joint bank accounts. General Statutes § 36a-290
provides in relevant part: "(a) When a deposit account has been established at any bank, or a share account has been established at any Connecticut credit union or federal credit union, in the names of two or more natural persons and under such terms as to be paid to any one of them, or to the survivor or survivors of them, such account is deemed a joint account. . . . (b) The establishment of a deposit account or share account which is a joint account under subsection (a) of this section is, in the absence of fraud or undue influence, or other clear and convincing evidence to the contrary, prima facie evidence of the intention of all of the named owners thereof to vest title to such account, including all subsequent deposits and additions made thereto, in such survivor or survivors, in any action or proceeding between any two or more of the depositors, respecting the ownership of such account or CT Page 14776 its proceeds."
The defendants have submitted a letter from Joyce R. Koller, the vice president and community office manager for Liberty Bank, stating that the bank accounts in question in the present case "were in the name of Effie M. Pottle as trustee for the named beneficiaries. This Trustee title means that Mrs. Pottle was the sole owner of the account during her life and only upon her death would the monies pass to her named beneficiaries." The plaintiff has submitted no evidence to the contrary. Therefore, there is no genuine issue of material fact as to the nature of the accounts. Because the accounts in the present case were trust accounts rather than joint accounts, and because this is not an "action or proceeding between any two or more of the depositors," General Statutes § 36a-290 is inapplicable. The defendants are entitled to judgment as a matter of law on the second count of the complaint.[3]
The third count sounds in conversion. "We have defined conversion as [am unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." (Internal quotation marks omitted.) Aetna Life Casualty Co. v.Union Trust Co., 230 Conn. 779, 790-91, 646 A.2d 799 (1994). The plaintiff alleges that the defendants, by assuming ownership of the property transferred to them by the decedent in 1991 and 1994, "exercised an unauthorized right of ownership of the plaintiff's one-third interest in that property pursuant to the Will." As stated above, it is undisputed that in the present case, the decedent transferred her property to the defendants several years before her death. "A will does not confer anypresent right at the time of its execution. . . . Nothing vests by reasonof such an instrument during the life of the testator." (Emphasis in original; internal quotation marks omitted.) Zanoni v. Hudon,42 Conn. App. 70, 75, 678 A.2d 12 (1996). The plaintiff did not have any vested interest in the property transferred by the decedent. Because it is undisputed that the plaintiff was not and is not the owner of the property in question, her conversion claim must fail as a matter of law. The defendants are entitled to summary judgment on the third count.
In the fourth count, the plaintiff alleges that each of the defendants breached a fiduciary duty "to Effie Pottle, the estate of Effie Pottle and to Phyllis Hart to act in the best interests of Effie Pottle and her estate." Despite this allegation, the plaintiff has not argued in her memorandum of law that the defendants have ever owed the plaintiff a CT Page 14777 fiduciary duty, nor has she offered any evidence of such a duty. Because the plaintiff has entirely failed to brief her claim that the defendants owed her a fiduciary duty, that claim is deemed to have been waived.Commission on Human Rights Opportunities v. Truelove Maclean, Inc.,238 Conn. 337, 344 n. 11, 680 A.2d 1261 (1996). The plaintiff now argues only that the defendants owed the decedent a fiduciary duty. "The plaintiff is a stranger to that relationship and has no standing to complain about an alleged breach of a fiduciary duty owed to the decedent." Ardito v. Olinger, 65 Conn. App. 295, 299, ___ A.2d ___
(2001). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) Ramos v. Vernon, 254 Conn. 799, 808, 761 A.2d 705
(2000). "A court may raise the issue of its subject matter jurisdiction sua sponte and must dismiss the case if it finds subject matter jurisdiction to be lacking." State v. Carey, 222 Conn. 299, 305, 610, A.2d 1147 (1992). Because the plaintiff lacks standing to assert a claim of breach of a fiduciary duty owed to the decedent, count four of the complaint must be dismissed for lack of subject matter jurisdiction.
The fifth count of the complaint sounds in fraud. The plaintiff alleges that the defendants falsely represented to her that the transfers of the decedent's property to the defendants were "strictly in the best interest of Effie Pottle or her estate and . . . not prejudicial to Phyllis Hart and . . . not beneficial to [the defendants]." The plaintiff further alleges that the defendants knew that their representations were false and that the plaintiff relied on the representations to her detriment.
In support of their motion for summary judgment, the defendants have submitted the deposition of the plaintiff. Contrary to the allegations of the complaint, the plaintiff states in her deposition that neither of her siblings made any representations to her concerning the transfer of the certificates of deposit and the house. The plaintiff has not offered any evidence to the contrary. Consequently, there is no genuine issue of material fact regarding the plaintiff's claim of fraud. The defendants are entitled to summary judgment on the fifth count.
The defendants also argue that they are entitled to summary judgment based on the failure of the plaintiff to file this action within the relevant statute of limitations. Because the court has concluded on other grounds that the defendants are entitled to judgment as a matter of law on all five counts of the complaint, it is unnecessary for the court to address the statute of limitations argument.
 Conclusion
The defendants have carried their burden of demonstrating the absence CT Page 14778 of genuine issues of material fact on all counts of the complaint. The defendants are entitled to judgment as a matter of law on the first, second, third and fifth counts. The motion for summary judgment is therefore granted as to those counts. Additionally, because the plaintiff lacks standing to assert a claim of breach of fiduciary duty, the fourth count of the complaint is dismissed for lack of subject matter jurisdiction.
Robaina, J.