[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On December 15, 1999, the plaintiffs, forty-one property owners in the city of Norwich, filed an appeal from a levy of sewer assessments by the defendants, the sewer authority for the city of Norwich and the city of Norwich. Generally, count one alleges that the plaintiffs are aggrieved by the separate assessment levies because the levies exceed the value of the benefit to their properties from the installation of the sewers. Generally, count two alleges that on November 4, 1996 and August 4, 1997, the Norwich city council (council), in violation of the city charter, passed a series of additional ordinances to fund the installation of the sewers without holding a special referendum to allow the public to vote to approve the bonds. The plaintiffs, therefore, claim the assessments on their properties are illegal.
In count one of the complaint, the plaintiffs seek to have the benefit assessments declared void or decreased. In count two of the complaint, the plaintiffs seek a declaratory judgment on whether the defendants had the authority, under the General Statutes and the city charter, to construct the sewers and levy the benefit assessments against the plaintiffs' properties when a special referendum was not voted on to authorize the issuance of the bonds and subsequent construction. CT Page 5325
On October 26, 2000, the defendants filed a motion to strike counts one and two of the plaintiffs' complaint and a memorandum of law in support of their motion to strike. On November 24, 2000, the plaintiffs filed an objection to the motion to strike and a memorandum of law in support of their objection. The defendants filed a reply brief on December 15, 2000.
 DISCUSSION
Count One
The defendants move to strike the first count of the complaint on the ground that the plaintiffs have improperly joined causes of action and party plaintiffs. The defendants claim that there is no provision within General Statutes § 7-250[1] which allows the plaintiffs to bring a joint appeal from the benefit assessments levied on the plaintiffs' separate parcels of property. The plaintiffs argue that the motion to strike should be denied because Practice Book § 9-4 permits the joinder of plaintiffs' cases and claims where the plaintiffs assert "any right of relief . . . arising out of the same transaction . . . when, if such persons brought separate actions, any common question of law or fact would arise. . . ."
The plaintiffs contend that count one of the complaint can be construed as alleging that the sewer authority calculated the assessments by dividing the cost of the sewer project by the number of housing units benefitted. The plaintiffs argue that because the defendants used this improper method in determining the amount of the benefit to their individual properties, the assessments should be decreased or declared void under General Statutes § 7-250. Finally, the plaintiffs maintain that because they are uniformly challenging the methodology of the assessments in count one there is a common question of law and fact which allows for proper joinder of the plaintiffs and their claims.[2]
"The exclusive remedy for misjoinder of parties is by motion to strike." Zanoni v. Hudon, 42 Conn. App. 70, 73, 678 A.2d 12 (1996). Practice Book § 9-4 provides that: "All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise. . . ." A transaction has been defined as something which has taken place whereby a cause of action has arisen. It must therefor consist of an act or an agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal CT Page 5326 relations of such persons between themselves are altered." CraftRefrigerating Machine Co. v. Quinnipac Brewing Co., 63 Conn. 551,560-61, 29 A. 76 (1883).
When making a benefit assessment on parcels of property pursuant to General Statutes § 7-250 the assessor's task is to "determine the market value of the property before sewers became available and to subtract that value from the market value of the property when sewers became available, after adjusting for all other factors that influence value. The difference between the two values thus determined equals the special benefit to that parcel of real estate." Industrial DevelopmentGroup v. Water Sewer Authority, Superior Court, judicial district of Waterbury, Docket No. 112556 (June 15, 1994, West, J.). The determination of the amount of a benefit to each of the parcels is, therefore, a separate and distinct action by the assessor.
The court must, therefore, review the complaint and determine whether there is some other common nucleus of law or fact by which the plaintiffs can claim they are jointly aggrieved by the defendants' actions under General Statutes § 7-250. In the absence of such a finding, the plaintiffs' cannot properly join their claims into one action.
Specifically, count one alleges that the plaintiffs[3] "are aggrieved by the levies of said sewer assessments by the defendants because said sewer assessments exceed the value of the respective special benefits accruing to the respective properties of the plaintiffs by virtue of said sewer construction." (Complaint, ¶ 46.) The next paragraph alleges that "[i]n levying said sewer assessments, the defendants acted illegally and in excess of the authority vested in it by law." (Complaint, ¶ 47.) The plaintiffs' prayer for relief states that "the plaintiffs appeal from the levies of said sewer assessments and pray that said assessments be held void or reduced to a level corresponding to the value of the special benefits accruing to their respective properties." (Complaint, ¶ 10.)
A motion to strike has been granted when the court has determined that individual plaintiffs, bringing a joint appeal pursuant to General Statutes § 12-117a, do not have an interest in other various parcels of real estate involved in an appeal. Hughes v. Board of Tax ReviewSuperior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 140001 (December 5, 1995, Lewis, J.). Similarly, in Purple v. Town ofEast Hampton, the court, Austin, J., granted a motion to strike a tax appeal based on misjoinder because no one individual had an owners' interest right in all of the property involved in the appeal. Purple v.Town of East Hampton, Superior Court, judicial district of Middlesex, Docket No. 62100 (June 10, 1992, Austin, J.). In that same case, CT Page 5327 however, the court Arena, J., subsequently denied a second motion to strike. Purple v. Town of East Hampton, Superior Court, judicial district of Middlesex, Docket No. 62100 (October 27, 1992, Arena, J.). The plaintiffs had amended their complaint to allege that one property owner had an interest in all of the properties, and the court denied the motion to strike on that basis. Id.; but cf. Moss v. Town of Goshen, Superior Court, judicial district of Litchfield, Docket No. 059874 (September 22, 1992, Pickett, J.,) (individual plaintiffs may properly join appeals involving separate parcels of land, which are not contiguous, when challenging a tax assessment under General Statutes § 12-118, as amended by Public Acts 1991, No. 91-221, § 4.)
Assuming that the plaintiffs could properly join their claims, the court finds that while the plaintiffs argue in the memorandum that they are challenging the sewer authority's method of assessment, there count one fails to allege such claim.[4] There is no allegation that the defendants used the wrong method to determine the value of the benefit to the properties. Further, the first count does not allege that the plaintiffs are jointly aggrieved because of the use of an improper method of assessment.
A review of the pleadings reveals no basis for joinder of the parties or claims under General Statutes § 7-250. The plaintiffs have failed to plead "any right of relief in respect to or arising out of the same transaction or series of transactions" from which "any common question of law or fact would arise. . . ." as is required for joinder under Practice Book § 9-4. Therefore, the defendants' motion to strike count one of the complaint is granted.
Count Two
The defendants have moved to strike count two on the ground that the statute governing the plaintiffs' appeal does not provide for declaratory relief. The defendants also move to strike the second count on the ground that the plaintiffs' have failed to give notice to all interested parties of their request for declaratory relief. The plaintiffs argue that it is proper to plead a count for a declaratory judgment within an administrative appeal.
"[W]hether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty Surety Co. v. Jones,220 Conn. 285, 293, 596 A.2d 414 (1991). "The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." (Internal quotation marks omitted.)Mannweiler v. Laflamme, 232 Conn. 27, 33, 653 A.2d 168 (1995). The CT Page 5328 statute providing for a declaratory judgment and the rules under it have been liberally construed with a preference for giving broad scope to proceedings for a declaratory judgment because of its social purpose.Connecticut Savings Bank v. First National Bank, 133 Conn. 403, 409,51 A.2d 907 (1947). "Section [17-55(3)] of the Practice Book allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete." England v. Coventry, 183 Conn. 362,365, 439 A.2d 372 (1981).
In the second count, the plaintiffs allege that the defendants improperly authorized bonds to finance the sewer project and this action ultimately lead to the levy of illegal benefit assessments on the plaintiffs' properties. Specifically, the plaintiffs allege that on March 12, 1991, a special referendum was held in the city of Norwich to vote on a $40,000,000 bond issue to construct sewers and the referendum was defeated by the voters. The plaintiffs allege that on November 4, 1996, the Norwich city council passed an ordinance authorizing an $800,000 bond for the installation of sewers and authorizing assessments against the plaintiffs' properties for the purposes of bypassing certain provisions of the city charter and avoiding a second referendum on the sewer construction issues. The plaintiffs allege that the benefit assessments were made pursuant to this ordinance. The plaintiffs further allege that on August 4, 1997, the city counsel voted on five additional ordinances for the sewers, in the amounts of $360,000, $185,000, $680,000, $800,000 and $65,000.
The plaintiffs allege that the actions of the defendants violated Chapter VIII § 4 of the Norwich city charter. The city charter provides that when bonds are issued for an amount greater than $800,000, two thirds of the city council members must vote to approve the bonds and the bond issue must then be approved by a special referendum in which the public has the right to vote. The plaintiffs allege that, after approving the bonds the defendants constructed the sewers and subsequently levied illegal benefit assessments against the plaintiffs' properties under General Statutes § 7-249.[5] The plaintiffs seek a declaratory judgment as to whether the defendants had the authority, pursuant to the General Statutes or the city charter, to construct sewers and levy benefit assessments against the plaintiffs' properties when a city referendum "had voted not to authorize said sewers."
The defendants move to strike the second count on the ground that General Statutes § 7-250 does not provide for declaratory relief. In the alternative, the defendants move to strike the second count on the ground that the plaintiffs have failed to join or give notice to all interested parties of their request for declaratory relief. The CT Page 5329 plaintiffs' opposition relies on a previous decision by the court,Corradino, J., denying an earlier motion to dismiss by the defendants on October 5, 2000, and on the case of Stafford Higgins Industries, Inc. v.Norwalk, 245 Conn. 551, 715 A.2d 46 (1998).
In its previous motion to dismiss, the defendants moved to dismiss both counts for lack of subject matter jurisdiction. They moved to dismiss count one on the ground that it should be characterized as a class action, which was not authorized by General Statutes § 7-250.Bertelson v. City of Norwich, Superior Court, judicial district of New London at Norwich, Docket No. 119199 (October 5, 2000, Corradino, J.). The court agreed that the statute did not authorize a class action, but found that the plaintiffs had actually engaged in permissive joinder of their claims. Id. The court emphasized that the issue of whether joinder was appropriate should be addressed by a motion to strike, it was not a question of subject matter jurisdiction. Id. The court also refused to dismiss count two because the court observed that the right to bring a declaratory judgment and a statutory appeal had already been recognized by our Supreme Court in Stafford Higgins Industries, Inc. v. Norwalk, supra, 245 Conn. 577-78. Bertelson v. City of Norwich, supra, Superior Court, Docket No. 119199. In so holding, the court stated "in light of this characterization of declaratory judgments, the court not having dismissed the first count will not dismiss the second count on the basis of arguments previously discussed." Id.
In Stafford Higgins Industries, Inc. v. Norwalk, supra, 245 Conn. 551, the plaintiff appealed from a tax assessment. Count one, brought pursuant to General Statutes § 12-119, claimed that the tax assessment was illegal due to the unconstitutionality of a particular public act. Count two sought a declaratory judgment that the public act was unconstitutional. Id., 555-56. The court observed that certain substantive claims included in the plaintiff's declaratory count had been property raised in the plaintiff's § 12-119 count, as well. With respect to these substantive claims, the court emphasized that "[t]he concomitant request for declaratory relief did not diminish the propriety of raising those claims in the nondeclaratory portion of its complaint. Indeed, we have made clear that a declaratory judgment action must rest on some cause of action that would be cognizable in a nondeclaratory suit." (Internal quotation marks omitted.) Id., 578. The court concluded that "[b]ecause the plaintiff was entitled to, and did, raise those claims in its complaint under § 12-119, it was improper for the court to decline to consider them." Id., 578-79.
Count two of the complaint independently states a claim for a declaratory judgment that is unrelated to count one of the complaint. The defendants' reliance on Stafford Higgins Industries, Inc. v. City ofCT Page 5330Norwalk, supra, 245 Conn. 577-78, for the proposition that a plaintiff can only receive declaratory relief, in an administrative appeal, if that relief is an available remedy within the governing statute, is misplaced. Therefore, the defendants' motion to strike the second count of the complaint, on this basis, is denied.
The defendants have also moved to strike count two of the complaint on the ground that the plaintiffs have failed to notify or join all interested parties in the action. The failure to join necessary and indispensable parties or to give them notice as required by Practice Book § 17-56(b) is no longer deemed jurisdictional. Stafford HigginsIndustries, Inc. v. Norwalk, supra, 245 Conn. 576-78; Serrani v. Board ofEthics, 225 Conn. 305, 309-10, 622 A.2d 1009 (1993); see Practice Book § 17-56(c).[6]
Additionally, Practice Book § 10-39(b) provides that: "A motion to strike on the ground of the nonjoinder of a necessary party or noncompliance with Section 17-56(b) must give the name and residence of the missing party or interested person or such information as the moving party has as to the identity and residence of the missing party or interested person and must state the missing party's or interested person's interest in the cause of action." See also Broadnax v. City ofNew Haven, Superior Court, judicial district of New Haven, Docket No. 412193 (May 16, 2000, Levin, J.) (where the defendants know the names of all interested parties in a declaratory action they must provide their names to have a motion to strike granted on the grounds of nonjoinder). As the defendants have failed to comply with this procedure and have failed to give the names of the missing parties or interested persons, the defendants' motion to strike count two of the complaint, on this ground, is denied.
 CONCLUSION
For the foregoing reasons, the defendants' motion to strike count one is granted and the defendants' motion to strike count two is denied.
Martin, J.